

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

J. KRISS and MICHAEL EJEKAM alone and for
BAYROCK MERRIMAC LLC; BAYROCK
GROUP LLC, BAYROCK SPRING STREET LLC;
BAYROCK WHITESTONE LLC; and BAYROCK
CAMELBACK LLC; and E/O ERNEST and
E/OJUDIT GOTTDIENER; ERVIN TAUSKY; and
SUAN INVESTMENTS

                     **Plaintiffs,**

                     **v.**

BAYROCK GROUP LLC; TEVFIK ARIF;
JULIUS SCHWARZ; FELIX SATTER;
BRIAN HALBERG; SALVATORE LAURIA;
ALEX SALOMON; JERRY WEINRICH;
SALOMON & CO. PC; AKERMAN SENTERFITT
LLP; MARTIN DOMB; CRAIG BROWN;
DUVAL & STACHENFELD LLP;
BRUCE STACHENFELD; DAVID GRANIN;
NIXON PEABODY LLP; ADAM GILBERT;
ROBERTS & HOLLAND LLP; ELLIOT PISEM;
MICHAEL SAMUEL; MEL DOGAN; BAYROCK
SPRING STREET LLC; JOHN DOES 1-100;
BAYROCK WHITESTONE LLC; BAYROCK
CAMELBACK LLC; BAYROCK MERRICAM LLC;
BAYROCK GROUP INC.; TAMIR SAPIR; ALEX
SAPIR; "SAPIR DOES"

                  **Group I Defendants**

WALTER SAURACK; SATTERLEE STEPHENS
BURKE & BURKE LP; KELLY MOORE;
MORGAN LEWIS & BOCKIUS LLP; NADER
MOBARGHA; MICHAEL BEYS; BEYS STEIN &
MOBARGHA LLP;

                  **Group II Defendants**

TODD KAMINSKY;

                  **Group III Defendants**

CIM GROUP; ISTAR FINANCIAL; "LENDER
INVESTOR DOES" 1-100; DONALD TRUMP;
IVANKA TRUMP; "TRUMP DOES" 1-100;
NATIONAL UNION FIRE INSURANCE CO.
OF PITTSBURGH, PA.;

                  **Group IV Defendants**

------------------------------------------------------------ x

**DEFENDANT FELIX SATER'S
NOTICE OF REMOVAL**

13 Civ. 3905 (LGS)

from the Supreme Court of the
State of New York
County of New York

Index No.: 651715/2013

Defendant Felix Sater (misidentified in the caption as "Felix Satter") ("Sater"), by his attorneys, Beys, Stein & Mobargha LLP, hereby removes this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. ¶¶ 1441(a) & 1442(a)(1). The grounds for removal are as follows:

1.      On or about May 10, 2013, Plaintiffs filed a Summons with Notice (Index. No. 651715/2013) naming Sater as a defendant in an action commenced in the Supreme Court of the State of New York, New York County (the "State Court Summons with Notice"). The notice that accompanies the summons purports to assert various claims against Sater, including claims of malicious prosecution, fraud, negligence, defamation, unjust enrichment, and conversion. Pursuant to 28 U.S.C. ¶ 1446, a true and correct copy of the State Court Summons with Notice is attached hereto as Exhibit A.

2.      On or about May 31, 2013, Plaintiffs filed a Notice of Partial Discontinuance, which states that "this action is discontinued without prejudice as to defendants (1) Donald Trump; (2) Ivanka Trump; (3) Trump Does 1-100; and (4) CIM Group, and for emphasis as to only those defendants, and no other." A true and correct copy of the Notice of Partial Discontinuance is attached hereto as Exhibit B.

3.      On or about June 5, 2013, Plaintiffs filed a Second Notice of Partial Discontinuance, which states that "this action is discontinued without prejudice as to defendant Todd Kaminsky, and for emphasis as to only that defendant, and no other." A true and correct copy of the Notice of Partial Discontinuance is attached hereto as Exhibit C.

4.      On or about June 7, 2013, Defendant Todd Kaminsky ("AUSA Kaminsky"), by his attorney, Preet Bharara, United States Attorney for the Southern District of New York, filed a

Notice of Removal purporting to remove this action to this Court.  A true and correct copy of AUSA Kaminsky's Notice of Removal is attached hereto as <u>Exhibit D</u>.

      5.     On or about June 14, 2013, AUSA Kaminsky submitted a proposed order to this Court seeking to (a) dismiss without prejudice AUSA Kaminsky as a defendant; and (b) remanding the case to the Supreme Court of the State of New York, County of New York ("New York Supreme Court").

      6.     On or about June 14, 2013, Sater submitted a letter to this Court requesting an opportunity to submit removal papers and oppose the application to remand, by no later than today, June 21, 2013.

      7.     On or about June 17, 2013, Plaintiffs submitted a proposed order to this Court seeking confirmation that this action has remained in New York Supreme Court due to the fact that Plaintiffs' voluntary dismissal of AUSA Kaminsky on June 5 rendered his June 7 Notice of Removal a nullity.

      8.     Irrespective of AUSA Kaminsky's Notification of Removal, the instant action may be removed to this Court pursuant to 28 U.S.C. ¶ 1442(a)(1) because Sater is a "person acting under" the direction of a federal agency or officer.

      9.     In the State Court Summons and Notice, Plaintiffs assert their intention to bring claims against Sater arising from "the illegal concealment of Felix Sater's 1998 . . . federal racketeering conviction, and subsequent 2009 sentencing."  Plaintiffs further state that they "seek relief against those directly and vicariously responsible for the fraud in the three years of litigation on dockets 98-CR-1101, 12-MC-150, and 12-MC-558, EDNY, and 10-CV-3959, SDNY, such litigation was in bad faith, purportedly to protect the safety of Sater by maintaining

under legal seal and closure information of and concerning the nature and existence of his conviction, cooperation and sentence . . . ."

10.     The crux of Plaintiffs' claims against Sater arise from Sater's status as a cooperating witness for the federal government and Sater's compliance with orders and directives from the federal government.

11.     In 1998, pursuant to a cooperation agreement, Sater pleaded guilty to racketeering crimes.  His cooperation agreement, which remains under seal today, restricts Sater from revealing his cooperation, or any information derived therefrom.  The Eastern District of New York ordered that Sater's case – including all documents and transcripts – be sealed.

12.     Subsequent to his guilty plea, Sater provided extraordinary cooperation to the federal government for over a decade.  During that time, Sater continued to comply with the Eastern District's sealing order, and he complied with directives from FBI agents (to whom he reported daily for many years), federal prosecutors, and the Probation Office.

13.     In 2009, Sater was sentenced for his 1998 conviction.

14.     Sater's case remained under seal until Plaintiffs' attorneys Frederick Oberlander and Richard Lerner illicitly obtained documents from Sater's sealed criminal case.  They then began a scorched-earth campaign to publicly out Sater as a cooperating witness as a penalty for Sater's refusal to settle a different civil case brought by many of the same plaintiffs herein.  *See Kriss et al. v. Bayrock Group LLC, et al.*, No. 10 Civ. 3959 (LGS).  Oberlander's and Lerner's activities – which include this action – has jeopardized Sater's safety and will undoubtedly change the calculus for witnesses deciding whether to cooperate with the federal government in the future.

15.     Oberlander's and Lerner's egregious conduct has touched off a tremendous amount of litigation, and judges of the Second Circuit, the Eastern District of New York, and the Southern District of New York have rebuked Oberlander and Lerner for their brazen contempt of court orders and the actions they have taken to publicize Sater's cooperation.  Judge Brian Cogan of the Eastern District has referred a possible criminal contempt investigation of Oberlander and Lerner.

16.     Sater is entitled to invoke federal agent jurisdiction under 28 U.S.C. ¶ 1442(a)(1). This statute confers an "absolute" right of removal because federal jurisdiction rests on the federal interest in enforcing federal law and protecting individuals who act pursuant to that law. *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).  The federal officer removal statute is not "narrow" or "limited."  *Id.*  Rather, it is broadly construed to protect the federal interests at stake. *Id.*; *Jefferson County v. Acker*, 527 U.S. 423 (1999); *Guarda Farms, Inc. v. Monroe County Legal Assistance Corp.*, 358 F. Supp. 841, 843 (S.D.N.Y. 1973) ("[A] cursory survey of the application of [section 1442(a)] reveals it has been construed broadly, and its 'persons acting under' provision particularly so.").

17.     A private party may satisfy ¶ 1442(a)(1) if three elements are met:  (1) it acted under the direction of a federal agency or officer; (2) it has a colorable federal defense; and (3) there is a causal nexus between the federal directive and the conduct in question.  *Jefferson County*, 527 U.S. at 431.

18.     Sater satisfies each of the three elements of federal agent jurisdiction.  First, Sater's actions not to publicize his conviction and cooperation with the government were taken under the direction of a federal agency or officer, namely the Department of Justice, the FBI, federal prosecutors, the Probation Office, and federal courts.  *See, e.g., State of Texas v. Heaton*,

58 F.2d 656 (N.D. Tex. 1932) (upholding removal of a murder prosecution against an informer working for federal prohibition agents and against the agents themselves), *cited in Guarda Farms*, 358 F. Supp. at 841.

19.     Second, Sater has colorable federal defenses.  As the Supreme Court stated in *Jefferson County*, "One of the most important reasons for removal is to have the defense of official immunity tried in a federal court.  We therefore do not require the officer virtually to win the case before he can have it removed."  527 U.S. at 431.  Accordingly, this element is broadly construed.

20.     Sater's federal defenses include:

- Federal common-law immunity.  Plaintiffs seek to punish Sater for honoring federal court orders and his agreements (*e.g.*, his cooperation agreement) with the United States.  These are matters of unique federal interest because the United States has an overriding and paramount interest in protecting cooperators and in ensuring that cooperators do not face adverse consequences merely for adhering to federal directives.  Sater's compliance with specific federal directives provides a defense sufficiently similar to existing federal common-law defenses. *See, e.g.*, *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

- Sovereign immunity.  To the extent Plaintiffs seek recompense from Sater for his actions taken as an agent of the federal government, Plaintiffs' claims are barred by the doctrine of sovereign immunity, and Plaintiffs have not pleaded any basis for overcoming the doctrine.

- Miscellaneous defenses.  Because Plaintiffs have not yet filed a complaint, their causes of action are not fully developed.  Yet it appears that Sater has additional defenses to certain individual claims; for example, compliance with federal court orders as a defense to unjust enrichment, and the protections of the First Amendment as a defense to defamation, abuse of process, and malicious prosecution.

21.     Finally, there is a "causal nexus" between the federal directive and the conduct in question.  Plaintiffs' allegations that Sater has violated the law by adhering to directives from federal agents and orders of federal courts to maintain the confidentiality of his conviction and cooperation with the government is precisely such a causal nexus.

22.     Pursuant to 28 U.S.C. ¶ 1446(d), Sater has contemporaneously filed a copy of this Notice with the Clerk of the Court in New York Supreme Court and served a copy on Plaintiffs.

23.     The submission of this Notice is solely for the special purpose of removing this action to the appropriate federal court and is not a general appearance by Sater. This submission does not constitute a waiver of any defense available to Sater, including any defense under Rule 12 of the Federal Rules of Civil Procedure.

Dated: New York, New York
      June 21, 2013

BEYS STEIN MOBARGHA & BERLAND LLP

By: _____
     Michael P. Beys
     Nader Mobargha
     The Chrysler Building
     405 Lexington Avenue, 7th Floor
     New York, New York 10174
     Tel.: (646) 755-3600
     Fax: (646) 755-3599
     Email: mbeys@beysstein.com
            nmobargha@beysstein.com

*Attorneys for Defendant Felix Sater*