PREET BHARARA
United States Attorney for the
Southern District of New York
By: JESSICA JEAN HU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. No.: (212) 637-2726
Fax No.: (212) 637-2717
Email: Jessica.Hu@usdoj.gov

ORIGINAL

13 CV 3905

RECEIVED JUN 0 7 2013 C.S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
J. KRISS and MICHAEL EJEKAM alone and for   :
BAYROCK MERRIMAC LLC; BAYROCK             :
GROUP LLC, BAYROCK SPRING STREET LLC;     :
BAYROCK WHITESTONE LLC; and BAYROCK       :
CAMELBACK LLC; and E/O ERNEST and         :
E/O JUDIT GOTTDIENER; ERVIN TAUSKY; and   :
SUAN INVESTMENTS                          :
                         **Plaintiffs,**           :
                                          :
                         v.              :
                                          :
BAYROCK GROUP LLC; TEVFIK ARIF;           :
JULIUS SCHWARZ; FELIX SATTER;             :
BRIAN HALBERG; SALVATORE LAURIA           :
ALEX SALOMON; JERRY WEINRICH;             :
SALOMON & CO. PC; AKERMAN SENTERFITT      :
LLP; MARTIN DOMB; CRAIG BROWN;            :
DUVAL & STACHENFELD LLP;                  :
BRUCE STACHENFELD; DAVID GRANIN;          :
NIXON PEABODY LLP; ADAM GILBERT           :
ROBERTS & HOLLAND LLP; ELLIOT PISEM;      :
MICHAEL SAMUEL; MEL DOGAN; BAYROCK        :
SPRING STREET LLC; JOHN DOES 1-100;       :
BAYROCK WHITESTONE LLC; BAYROCK           :
CAMELBACK LLC; BAYROCK MERRIMAC LLC;      :
BAYROCK GROUP INC. TAMIR SAPIR; ALEX      :
SAPIR; "SAPIR DOES" 1-100;                :
                         **Group I Defendants**    :
WALTER SAURACK; SATTERLEE STEPHENS        :
BURKE & BURKE LLP; KELLY MOORE;           :
MORGAN LEWIS & BOCKIUS LLP; NADER         :
MOBARGHA; MICHAEL BEYS; BEYS STEIN &      :

**NOTICE OF REMOVAL**

13 Civ. _____ ( ___ )

from the Supreme Court of the
State of New York
County of New York

Index No.: 651715/2013

| | |
|---|---|
| MOBARGHA LLP; | : |
| **Group II Defendants** | : |
| TODD KAMINSKY; | : |
| **Group III Defendants** | : |
| CIM GROUP; ISTAR FINANCIAL; "LENDER INVESTOR DOES" 1-100; DONALD TRUMP; IVANKA TRUMP; "TRUMP DOES" 1-100; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.; | : : : : |
| **Group IV Defendants** | : |

------------------------------------------------------------x

Defendant Todd Kaminsky ("AUSA Kaminsky"), by his attorney, Preet Bharara, United States Attorney for the Southern District of New York, hereby removes this action to the United States District Court for the Southern District of New York[1] pursuant to 28 U.S.C. §§ 1441(a) & 1442(a)(1). The grounds for removal are as follows:

1. On or about May 10, 2013, Plaintiffs filed a Summons with Notice (Index No. 651715/2013) naming AUSA Kaminsky as a defendant in an action commenced in the Supreme Court of the State of New York, New York County (the "State Court Summons with Notice"). The notice which accompanies the summons purports to assert various claims against AUSA Kaminsky, including claims of malicious prosecution, fraud, negligence, defamation, unjust enrichment, and conversion. Pursuant to 28 U.S.C. § 1446, true and correct copies of the State Court Summons with Notice is attached hereto as <u>Exhibit A</u>.

2. The instant action may be removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) because AUSA Kaminsky is an officer of the United States Attorney's Office for the Eastern District of New York which is an agency of the United States.

---

[1] The Summons and Notice in this action does not state whether Plaintiffs intend to sue AUSA Kaminsky in his individual or official capacity. The United States Department of Justice ("DOJ") has approved representation AUSA Kaminsky to the extent Plaintiffs' claims are against him in his individual capacity. Accordingly, the undersigned counsel represents AUSA Kaminsky in both his official capacity and his individual capacity.

2

3. Removal pursuant to §§ 1442(a)(1) and 1442(a)(1) is timely under 28 U.S.C. § 1446(b). Section 1446(b)(1) authorizes removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). AUSA Kaminsky received notification of the State Court Summons with Notice on May 10, 2013. The State Court Summons with Notice does not indicate any method of service, and this Office has no knowledge of any affidavit of service or other indication that AUSA Kaminsky received the complaint or the summons with notice before that date.

4. To the extent the State Court Summons and Notice can be construed as asserting common law tort claims against AUSA Kaminsky, any such tort claims must be brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680, and must name the United States, and not AUSA Kaminsky as the defendant. See 28 U.S.C. § 2679.

5. Pursuant to 28 U.S.C. § 2679(d), AUSA Kaminsky was an employee of the United States and acting within the scope of his office or employment in connection with his actions as an Assistant United States Attorney. Accordingly, AUSA Kaminsky is eligible for FTCA coverage in connection with any allegations regarding actions he undertook as part of the duties of his office.

6. The FTCA provides the exclusive remedy with respect to any common law tort claims against the Federal Defendants. See 42 U.S.C. § 2679.

7.      Thus, this action may also be removed to this Court pursuant to 28 U.S.C. § 2679(d) because: (i) trial has not yet been had of this action; and (ii) this is a civil action brought against an individual deemed to be an employee of the United States government for purposes of the FTCA.

8.      The submission of this notice of removal is solely for the special purpose of removing this action to the appropriate federal court and is not a general appearance by AUSA Kaminsky. This submission does not constitute a waiver of any defense available AUSA Kaminsky, including any defense under Rule 12 of the Federal Rules of Civil Procedure.

Dated: June 7, 2013
       New York, NY

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York

                            By: _____
                                    JESSICA JEAN HU
                                    Assistant United States Attorney
                                    86 Chambers Street, Third Floor
                                    New York, New York 10007
                                    Tel.: (212) 637-2726
                                    Fax: (212) 637-2717
                                    Email: Jessica.Hu@usdoj.gov

4

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| J. KRISS and MICHAEL EJEKAM alone and for BAYROCK MERRIMAC LLC; BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; BAYROCK WHITESTONE LLC; and BAYROCK CAMELBACK LLC; and E/O ERNEST and E/O JUDIT GOTTDIENER; ERVIN TAUSKY; and SUAN INVESTMENTS<br>**Plaintiffs**,<br><br>v.<br><br>BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & CO. PC; AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC; BAYROCK MERRIMAC LLC; BAYROCK GROUP INC. TAMIR SAPIR; ALEX SAPIR; "SAPIR DOES" 1-100;<br>**Group I Defendants**<br><br>WALTER SAURACK; SATTERLEE STEPHENS BURKE & BURKE LLP; KELLY MOORE; MORGAN LEWIS & BOCKIUS LLP; NADER MOBARGHA; MICHAEL BEYS; BEYS STEIN & MOBARGHA LLP;<br>**Group II Defendants**<br><br>TODD KAMINSKY;<br>**Group III Defendants**<br><br>CIM GROUP; ISTAR FINANCIAL; "LENDER INVESTOR DOES" 1-100; DONALD TRUMP; IVANKA TRUMP; "TRUMP DOES" 1-100; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;<br>**Group IV Defendants** | INDEX NO.<br><br><br><br><br><br><br>SUMMONS<br>WITH<br>NOTICE |

**DEFENDANTS PLEASE TAKE NOTICE** YOU ARE HEREBY SUMMONED TO APPEAR in this action by serving a notice of appearance on Counsel for Plaintiffs, address below, within 20 days after service of this summons (not counting the day of service), or within 30 days after service is complete if the summons is not delivered personally to you within New York State.

May 10, 2013

/s/ Frederick M. Oberlander, Esq.
The Law Office of Frederick M. Oberlander, P.C.
*Counsel for Plaintiffs*
28 Sycamore Lane (Post Office Box 1870)
Montauk, New York 11954
Tel 212-826-0357  Fax 212-202-7624  Email fred55@aol.com

/s/ Richard E. Lerner, Esq.
The Law Office of Richard E. Lerner, P.C.
*Co-Counsel*

**NOTICE**

Plaintiffs seek relief against those directly and vicariously responsible for the perpetration of perhaps a billion dollars or more of fraud based on the illegal concealment of Felix Sater's 1998 $40 million federal racketeering conviction, and subsequent 2009 sentencing, as well as related and other unrelated relief, and declaratory relief against those persons, primarily financial institution, insofar as to affix by liquidating judgment thereof such liability is owed to them.

\* \* \* \* \*

"Bayrock," as used herein, refers to that certain association of juridical entities including, for example and without limitation, Bayrock Group LLC, Bayrock Camelback LLC, Bayrock Whitestone LLC, Bayrock Spring Street LLC, and Bayrock Merrimac LLC, in the last ten years variously engaged in the businesses of financial institution fraud, tax fraud, partnership fraud, insurance fraud, litigation fraud, bankruptcy fraud, mail fraud, wire fraud, money laundering, human trafficking, child prostitution, statutory rape, and, on occasion, real estate.

One of the overarching, dominant themes of those Bayrock lines of business has been the fraudulent concealment of the substantial degree to which it was owned directly or equitably by Felix Sater, who was represented at various times at least during the period 2002 to 2008 to be its Chief Operating Officer and at times as its Managing Director.

Another overarching, dominant theme of Bayrock's lines has been the fraudulent concealment of Felix Sater's conviction for racketeering, to which he secretly pled guilty in 1998, admitting to participating in the operation of a pump-and-dump stock fraud, along with members of Russian and Mafia organized crime, which defrauded investors, many of them senior citizens, including Holocaust survivors, of at a minimum $40,000,000, now in today's dollars some $150,000,000 of stolen wealth as measured by the "well managed account" theory.

The Estates of Ernest and Judit Gottdiener; Ervin Tausky, a natural person, and Suan Investments, a Gottdiener family holding company, are some of those victims, survivors of the Nazi extermination of the Jews of Hungary and federally protected crime victims of Mr. Sater's racketeering, as such his creditors. They were defrauded of their rights to restitution and, because the government illegally concealed Sater's entire case, their rights to sue him. The Gottdieners claim damages for the fraud on them against everyone responsible for the 15-year delay and deprivation of their civil rights.

Insofar as Sater used Bayrock as a personal piggybank to skim millions upon millions of its assets and hide them out of the reach (for now) of these and all the other hundreds if not thousands of victims to whom he now is liable over $500,000,000 in RICO damages, and would not have been able to do so without the facilitation of his concealment frauds by others, the Gottdieners sue all those for the damage they caused.

Among those are corrupt attorneys who used fraudulent and sham court processes to hide Sater and his frauds for their own gain, as many of them did so with the specific intent, *inter alia*, of raking in fees from him, essentially taking the Gottdiener's and all the others' money for themselves by keeping it out of the hands of the victims, where it should have gone; they are sued, inter alia, for vicarious liability of all damages caused and for forfeiture of all such fees.

Plaintiffs seek relief against those directly and vicariously responsible for the fraud in the three years of litigation on dockets 98-CR-1101, 12-MC-150, and 12-MC-557, EDNY, and 10-CV-3959, SDNY, such litigation was in bad faith, purportedly to protect the safety of Sater by maintaining under legal seal and closure information of and concerning the nature and existence of his conviction, cooperation and sentence which had in fact been public for up to a decade, as was known to those defendants involved, that had in fact never been legally sealed, as was known to those defendants involved, where there was no actual threat and in fact presentation of evidence of actual threat later claimed was a pure fraud on the court including by subornation, such fraud actionable statutorily as well as at common law. *Inter alia*, insofar as they committed divers frauds and deceits in the context of those litigations, they are sued under Jud. Law §487.

Kriss and Ejekam are natural persons who claim damages, including without limitation in respect of their rights as members and creditors of, as to Kriss, Bayrock Group LLC, Bayrock Spring Street, LLC, Bayrock Whitestone LLC, Bayrock Camelback LLC, and Bayrock Merrimac, as to Ejekam Bayrock Spring Street LLC and Bayrock Whitestone LLC. Kriss and Ejekam also claim damages derivatively, in behalf of those same limited liability companies.

Finally, as Sater admitted at his sentencing he knew no banks would lend to Bayrock if they knew about his concealed conviction, a judicial estoppel and admission against penal interest, lenders and investors who were fraudulently induced to provide $1,000,000,000 or so to Bayrock by this concealment ought to get their money back, so they are sued in declaratory judgment to fix the liability of Bayrock and all those liable to them through Bayrock to them.

All defendants except as noted are sued for all liability, that is, for example only, Kelly Moore, who stood in Sater's sentencing as his attorney knowing it was illegally hidden, hearing him admit that he had been using that illegal concealment to perpetrate bank fraud, and without privilege to do so committed fraud and other actionable wrongs in maintaining sham litigation to stop those who learned of this from revealing it for years, thus knowingly facilitating the cover-ups, shall expect to have plenary liability asserted against her by every Plaintiff in every theory for every cause in the scope of the overarching conspiracy. It is the express intent of Plaintiffs to assert all liability to the fullest scope of the state law vicarious liability equivalent of civil federal *Pinkerton* liability against everyone participating in any identifiable and well-pled conspiracy. Those who thought nothing of helping Sater and his co-conspirators defraud, the littlest senior citizens and Holocaust survivors or the biggest banks and lenders, who thought nothing of helping him and others steal those victims' money, must be made to pay with their own.

And, in that Bayrock was used to commit, or was the mediating agent as, or the victim of, various and divers other wrongs for which Plaintiffs have standing to sue, Bayrock itself as well as those in conspiracy or aid and abettance therewith, will be claimed liable for such, including without limitation fraud on partners as well as third parties, breach of contract.

The above notice is a courtesy only; it is not limiting in any way the claims to be asserted. It is certainly accurate, but is not limiting. Plaintiffs reserve the right to make any and all claims in which the minimal notice of simply listing the causes of action would enable them to make.

In addition, Plaintiffs seek relief for causes of action in and related to the underlying facts of the above but where liability is or may be predicated on less than the scienter of intent or recklessness, thus claiming in gross negligence, negligence, and breach of fiduciary duty; and where liability is or may be predicated on contract or quasi-contract, for example and without limitation, where one defendant shall have failed to perform contractual obligations to Plaintiff, causing economic injury, by reason of his participation with another defendant in fraud, whether directed at a Plaintiff or at a third party but proximately injuring Plaintiff, thus entitling Plaintiff to claim in contract against the one and in fraud against the other.

Plaintiffs, demanding $1billion in damages, and all other relief as is just and proper in law or equity, will allege the following and related state law causes of action in the complaint, whether concomitant liability be found directly, vicariously, or by reason of aid and abettance,

**Group I Defendants:**

Liability in fraud, negligence, gross negligence, recklessness, quasi-contract, conversion, breach of fiduciary duty, negligent misrepresentation, Jud. Law §487, disgorgement, restitution, constructive trust, defamation, contribution, indemnification, state securities fraud, breach of contract, rescission, declaratory relief, tortious interference, unjust enrichment, prima facie tort, trespass to chattel, interference with contract, abuse of process, and malicious prosecution.

**Group II Defendants:**

Liability in any or every theory, cause, or right of action listed under Group I Defendants, whether direct or vicarious, as well as liability under Judiciary Law §487 as herein.

**Group III Defendants:**

Liability in Jud. Law §487.

**Group IV Defendants:**

Declaratory relief, as to National Union including for declarations of coverage and as to all declarations of liability of all those in respect of which Kriss and Ejekam have the direct or derivate standing to assert and adjudicate as due such defendants from other defendants.

WHEREBY, DEMAND IS HEREBY MADE OF SUCH DEFENDANTS FOR $1 BILLION. SHOULD DEFENDANTS NOT APPEAR, JUDGMENT MAY BE ENTERED IN DEFAULT IN THE AMOUNT SPECIFIED, OR SUCH AS MAY BE PROVEN.

## VENUE

Plaintiffs designate New York County as the place of trial. The basis of this designation is CPLR § 503(a), to wit, Plaintiff J. Kriss now, at time of commencement, resides in the county.

## DEFENDANTS

DUVAL & STACHENFELD LLP
BRUCE M. STACHENFELD
CRAIG L. BROWN

Bruce M. Stachenfeld
Duval & Stachenfeld LLP
555 Madison Avenue 6th Floor
New York, NY 10022
212-883-1700
bstachenfeld@dsllp.com

NIXON PEABODY
ADAM GILBERT

Adam Gilbert, Esq.
Nixon Peabody
437 Madison Avenue
New York, NY 10022
212-940-3000
agilbert@nixonpeabody.com

ROBERTS & HOLLAND LLP
ELLIOT PISEM

Elliot Pisem, Esq.
Roberts & Holland LLP
825 Eight Avenue, 37th Floor
New York, NY 10019
212-903-8700
episem@rhtax.com

AKERMAN SENTERFITT LLP
MARTIN DOMB

Martin Domb, Esq.
Akerman Senterfitt LLP
335 Madison Avenue, 26th Floor
New York, NY 10017
212-880-3800
martin.domb@akerman.com

NATIONAL UNION FIRE INS. CO.
Alexander S. Lorenzo Esq.
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
212-210-9528
alexander.lorenzo@alston.com

FELIX SATER
NADER MOBARGHA
MICHAEL BEYS

Nader Mobargha Esq.
Beys, Stein & Mobargha LLP
405 Lexington Avenue 7th Floor
New York, NY 10174
212-755-3603
nmobargha@beysstein.com

SALOMON & COMPANY PC
ALEX SALOMON
JERRY WEINRICH

Stephen Jacobs, Esq.
Landman Corsi Ballaine & Ford PC
120 Broadway
New York, NY 10271
(212) 238-4810
sjacobs@lcbf.com

TEVFIK ARIF
JULIUS SCHWARZ
BRIAN HALBERG
BAYROCK GROUP LLC
BAYROCK WHITESTONE LLC
BAYROCK SPRING STREET LLC
BAYROCK CAMELBACK LLC
BAYROCK MERRIMAC LLC
WALTER SAURACK

Walter Saurack, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 404-8703
wsaurack@ssbb.com

KELLY MOORE

Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
212-309-6000

TODD KAMINSKY

United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

CIM GROUP

515 Madison Avenue
New York, NY 10022
646-783-4602

ISTAR FINANCIAL
1114 Avenue of the Americas
New York, NY 10036
(212) 930-9400

DONALD TRUMP
IVANKA TRUMP

The Trump Organization
Trump Tower
725 Fifth Avenue
New York, NY 10022
212-832-2000

MEL DOGAN

Mel Dogan, Esq.
Dogan & Associates
5 East 59th Street, Suite 750
New York, NY 10022
212-755-1550

V. DAVID GRANIN

V. David Granin
445 Eastgate Road
Ridgewood, NJ 07450
201-652-9091

BAYROCK GROUP INC.

The Company Corporation
2711 Centerville Road Suite 400
Wilmington, Del 19808
For Delivery to File #4385369

MICHAEL SAMUEL

Michael Samuel
1000 South Pointe Drive
MTH #1
Miami Beach, FL 33139

SALVATORE LAURIA

Salvatore Lauria
91 Georgetown Road
Weston, CT 06883