UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J. KRISS and MICHAEL EJEKAM alone and for BAYROCK,
MERRIMAC LLC; BAYROCK GROUP LLC, BAYROCK SPRING
STREET LLC; BAYROCK WHITESTONE LLC; and BAYROCK
CAMELBACK LLC; and E/O ERNEST and E/OJUDIT GOTTDIENER;
ERVIN TAUSKY; and SUAN INVESTMENTS

      Plaintiffs,

      v.

BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ;
FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA;
ALEX SALOMON; JERRY WEINRICH; SALOMON & CO. PC;
AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN;
DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID
GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS &
HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL
DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100;
BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC;
BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.TAMIR
SAPIR; ALEX SAPIR; "SAPIR DOES" 1-100;
WALTER SAURACK; SATTERLEE STEPHENS BURKE & BURKE
LLP; KELLY MOORE; MORGAN LEWIS & BOCKIUS LLP; NADER
MOBARGHA; MICHAEL BEYS; BEYS STEIN & MOBARGHA LLP;
ISTAR FINANCIAL; "LENDER INVESTOR DOES" 1-100;
NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;

13-CV-3905
AFFIRMATION
AND
MEMORANDUM

**MOTION FOR RECONSIDERATION (BY CLARIFICATION OR AMENDMENT)
OF THAT ORDER OF JUNE 25, 2013 ECF NO. 9**

**MOTION FOR REMAND ON OTHER THAN JURISDICTIONAL GROUNDS
IN RESPECT OF THAT NOTICE OF REMOVAL OF JUNE 7, 2013 ECF NO. 1**

**ORAL ARGUMENT WILL BE REQUESTED BY LETTER**

**FED. R. CIV. P. 54, 28 U.S.C. §1447, LOCAL R. 6.3, IND. R. III(B)**

**FREDERICK M. OBERLANDER**
THE LAW OFFICE OF FREDERICK M. OBERLANDER, PC
28 Sycamore Lane (Post Office Box 1870)
Montauk, New York 11954
Telephone:  (212) 826-0357
Facsimile:  (212) 202-7624
Email:  fred55@aol.com

*Counsel for Plaintiffs*

**RICHARD E. LERNER**
THE LAW OFFICE OF RICHARD E. LERNER, PC
255 West 36th Street
New York, NY 10018
Telephone:  (917) 584-4864

Email:  richardlerner@msn.com

*Co-Counsel for Plaintiffs*

**PRELIMINARY STATEMENT**

On June 7, 2013, AUSA Jessica Hu, SDNY Civil Division, representing Todd Kaminsky, purported to remove this action from New York Supreme Court, where it had been commenced by filing a Notice of Removal in this courthouse, then filing the Notice with the state court.

Plaintiffs contended, and still contend, that they had dismissed Kaminsky from the state court case two days earlier, June 5, so Hu's Notice was a nullity and the case never left state court.

Hu took no clear position either way, but on June 14 submitted a politely apologetic letter proposing an order to this Court by which Kaminsky would be dismissed and the case remanded.

On June 17, Plaintiffs responded with a letter and proposed order whereby this Court would find the case never got here because Kaminsky *had* been discontinued before the removal and Hu's papers were nullities, but also stating they would agree to a finding it *did* get removed as the dismissal in state court had not taken effect, but *only if* the Court coupled that with execution of Ms. Hu's order *as written*, *both* dismissing Kaminsky *and* remanding it. Plaintiffs stated they would object to anything else, expressly including a dismissal of Kaminsky without a remand.

On June 21, 2013, before this Court acted on either proposed order, counsel for Defendant Sater filed removal papers in this court and then in the state court.

On June 25, this Court issued an order (the "Order"), ECF No. 9, dismissing Kaminsky but silent as to remand, neither remanding nor denying it. The order also found that Plaintiffs had dismissed Kaminsky in state court before the removal. This is logically impossible, since if the dismissal in state court had taken effect no case got to this Court until Sater removed it, and when it *did* get here by such, June 21, it got here without Kaminsky, so there was no one to dismiss.

1

## MOTION TO CLARIFY AND AMEND

Pursuant to Fed. R. Civ. P. 54(b), Plaintiffs seek, first, clarification of the Order and any necessary amendment to further same. It may be that the Court intended the Order to mean either:

(1) The dismissal of Kaminsky in state court before his removal *was* effective; no case got here until Sater removed it June 21, but in an abundance of caution the Court orders Kaminsky dismissed without prejudice in case its finding of dismissal in state court is challenged in some way. The Court rules the case is here in the same posture as if Kaminsky had never been a Defendant and the only Notice of Removal was Sater's; **_or_**

(2) The dismissal of Kaminsky in state court *was not* effective; the case got here June 7 by Kaminsky's removal. The Court would sign Hu's order dismissing Kaminsky and remanding except Sater has already filed removal papers, and rather than make things complicated making Sater redo his papers and removing again, instead the Court rules that on its dismissal of Kaminsky, the case is here in the same posture as if it *had* been remanded and *then* Sater had filed his removal papers, so is in the same posture as if Kaminsky had never been a Defendant and the only Notice of Removal was Sater's.

Either would be acceptable to Plaintiffs, as they would put the case in the same posture, as if Kaminsky had never been part of it, both Plaintiffs and Kaminsky wanted (and to which Sater has said he has no objection). If the Court would so clarify, possibly by amending the Order to state either alternative, it would be appreciated and the rest of this document requires no action.

Otherwise, there are issues. For one, pursuant to Fed. R. Civ. P. 41(a)(1)(B), a dismissal by notice or stipulation of the parties, in other words other than by court order, even though without prejudice, is a judgment on the merits if there has been a prior dismissal, so Plaintiffs must have certainty such cannot apply here, as the Order does find that Kaminsky was dismissed in state court. Plaintiffs request clarification of the Order should to clearly state it was issued per 41(a)(2),

and not by stipulation. While that is belt-and-suspenders, if not obsessive, as the Order *is* an order, the remaining, decidedly non-obsessive, issue is that of the standards governing remand.

Were the case in the posture it should be, as if Kaminsky had never been in it, and the case here on Sater's federal question removal (federal officer jurisdiction is a federal question), the issues determining remand, whether it would be discretionary or mandatory, would *probably* be:

(1) Was his removal procedurally proper. If not, the Court must remand the whole case; **or**

(2) If it *was* procedurally proper, was it jurisdictionally proper, did the Court have subject matter jurisdiction because he satisfied the requirements of 28 USC §1442, establishing federal officer jurisdiction. If not, the Court must remand the whole case.

(3) Otherwise, if it was procedurally and jurisdictionally proper, the Court *must* sever all claims not within its original or supplemental jurisdiction and remand those; **and**

(4) On motion of Plaintiffs to sever any defendants and claims in respect of them, the Court *may* in its sound discretion do so and remand as to such defendants and claims; **and**

(5) At such time, if ever, there no longer is a federal question or other basis for federal jurisdiction, whether by resolution, dismissal, etc., the Court *may* in its sound discretion remand all the remaining claims, which therefore must be state claims.

Simply, if the posture of the case *is* as if there had been no Kaminsky, remand of the whole case is *mandatory* if there is procedural or jurisdictional defect in Sater's removal, as supplemental jurisdiction never attaches if there is no initial federal question or diversity jurisdiction at removal or the removal was procedurally improper; otherwise, it is *mandatory* as to non-supplemental claims and *discretionary* as to supplemental claims even if federal question or diversity jurisdiction later disappears so long as it was present at removal. But why did we use the term "probably?"

Because this analysis is not free from doubt; it may be that if federal question or diversity jurisdiction later disappears for *any* reason, the remainder of the case must be remanded and the court cannot retain supplemental jurisdiction. This lack of clarity is a result of amendments to 28 USC §1447(c), which facially require remand if at any time the court appears to lack jurisdiction[i].

Now, if the posture of the case is **not** as if there had been no Kaminsky, then technically even if there is procedural or jurisdictional defect in Sater's Notice of Petition (or if not, but jurisdiction otherwise fails, and the law of the case does not then follow the literal language of §1447(c) requiring remand but follows the worst-case scenario of Fn. 1 and the paradigm on page 3, remand of the whole case would be discretionary, not mandatory, *as the Court never adjudicated whether there were procedural or jurisdictional defects in Kaminsky's Notice of Petition*.

Respectfully, this is precisely what Plaintiffs were afraid of, and why we said in our July 17 letter that the Court should find the case never here (thus Kaminsky removed in state court) or find the case here (thus Kaminsky not removed in state court), remove him, and remand, *but the Court should not, whatever it does, dismiss him without remanding*, because, we explained, if Sater came in and filed papers, as he threatened to and did, it would leave this gap of an unadjudicated purported removal by someone no longer in the case if he ever was in the first place.

### MOTION TO REMAND

Accordingly, in the absence of clarification and to protect our clients' rights to a mandatory remand – and we ask the Court understand there is no suggestion that the Court would fail to remand applying its discretion, merely that we should not have to forfeit a mandatory remand – we must take this opportunity to move to remand based on procedural (non-jurisdictional) defects in Kaminsky's removal papers, because 1447 requires such a motion be made within 30 days of

4

the filing of the Notice of Removal, and that was June 7th, and today is the 30th day after that, and that is a statutory deadline that cannot be extended by Fed. R. Civ. P. 6(b).[1]

Nevertheless, in the interest of judicial economy (and counsel economy and client billing), there is no reason for the Court to address this remand part of this motion now until and unless it disposes of the forthcoming motion(s) to remand in respect of Sater's removal by finding it flawed.

Similarly, we do not include argument to remand on jurisdictional grounds, as there is no reason to do so until and unless the Court so disposes of those forthcoming motions *and* then fails to grant this motion for non-jurisdictional remand, since that argument may be made at any time.

**The Removal Was a Nullity**

For the record, we maintain that a motion to remand on grounds the removal was a nullity is not really a motion to remand, but a motion to find a lack of case or controversy; and even if it is properly styled a motion to remand, it should be deemed a jurisdictional defect as the Court cannot have subject matter jurisdiction over a null case presenting, by definition, no case or controversy. Nevertheless, while preserving our rights to supplement this in any subsequent motion to remand on jurisdictional grounds accordingly, we move here protectively.

CPLR §3217(a) is definitive. A plaintiff may voluntarily dismiss all or part of a case as of plenary right without leave or order of court by filing and serving a Notice of Discontinuance and then filing proof of service. No one disputes – no one could – that Plaintiffs filed a Notice of

---

[1] Respectfully, we had no reason to expect the Court would issue the June 25, 2013 Order, and once it did and we found out about it, any attempt at a pre-motion conference for this motion to remand would have failed as the first possible date for a conference pursuant to this Court's individual rules requiring 7 business day notice would be today. As the Second Circuit has confirmed, no local or individual rule can remove or reduce a right granted by statute, see Fed. R. Civ. P. 83(a)(1), so we submit this motion timely and as of right. But see above for suggested judicial economy.

5

Discontinuance on June 5, 2013. The only questions are whether it was served and whether proof of service was filed. For those, we look to the governing rules.

But those rules are not those of CPLR, rather they are those of the Chief Administrator, Mandatory Program for Electronic Filing in Supreme Court, codified at 202.5-bb. And briefly:

(1) An action is commenced by the filing of an initiating document, which is either a summons and complaint or a summons with notice. CPLR 304.

(2) The action *had* to be commenced electronically. 202.5-bb(a), 202.70(b)(1),(4).

(3) Service of initiating documents must follow Article 3 of CPLR, or electronically if the party agrees to accept such service. Such service must be accompanied by a notice that this is a mandatory e-filed case. 202.5-bb(b)(3).

(4) Service of the initiating document need not be served for 120 days after filing.

(5) After commencement, all other than initiating documents must be by electronic means. E-filing, filing and service by NYSCEF, is electronic means. 202.5-b(a)(2)(iii).

(6) Service of an interlocutory document is made by e-filing, whereupon NYSCEF emails notices to registered parties. 202.5-b(f)(2)(ii), NYSCEF User's Manual, Pt. I, pg. 16. Note this section applies to consensual and mandatory e-filed cases; but parties don't consent to e-filing in mandatory case, they *must* participate or seek leave to opt out.

(7) The NYSCEF automatically records proof of service. User's Manual, pg. 16.

To simplify, because this was a mandatory electronic case, all parties must participate unless they have leave to opt out. Now, as it is black letter law that no court, state or federal, can do anything to affect any rights of a person not a party subject to the court's jurisdiction, which cannot occur before service, it makes perfect sense there is no provision for e-filed service of a Notice of Discontinuance on a party who has not yet been served with initiating documents and thus may not know of the case and thus cannot seek leave to opt out of e-filing because such party,

still a party only nominally because his name is listed on a document, has no right to notice of anything because nothing can affect him (obviously a Notice of Discontinuance doesn't affect him if he hasn't been served any more than a filed but not served complaint affects him).

This Court may find it strange that e-filing rules have a gap where all parties must participate if they don't opt out with leave of court, and theoretically parties not yet served may not know there is a case going on, but that doesn't offend due process as named but unserved parties have no rights affected before service. In any event, respectfully, it is not up to this Court to approve of what New York does, but rather in comity and full faith and credit to respect it.

And any idea that a Plaintiff cannot discontinue a filed, unserved action against a Defendant without first serving him is facially ridiculous, and contradicts the language of CPLR §3217(a)(1).

Moreover, if the above is incorrect, CPLR §2001 provides if there is a mistake as to commencement or otherwise, if a substantial right is not prejudiced, the mistake shall be disregarded. If New York would disregard the above putative mistake (if any) – and it would, because AUSA Hu confirms both she and Kaminsky had actual receipt of the order on June 5, and that order and the email with it prominently shows it was filed, see signature page, there can be no prejudice – this Court must assume New York would recognize the dismissal as effective or at least certify the question to a New York court for a ruling on it. See for example *Beermont Corp. v. Yager*, 34 App. Div. 2d 589 (1970, 3d Dept) (while ordinarily, upon a motion to dismiss a complaint for failure to prosecute, failure to serve by registered or certified mail a demand to file a note of issue might require a denial of such a motion, where the plaintiff received the demand and was in no way prejudiced as to a substantial right by service by ordinary mail, the irregularity should be disregarded.

7

**The Removal Was Improper**

For the record, we maintain that a motion to remand on grounds the removal was improper because it was based on a summons with notice from which removability could not be intelligently ascertainable with certainty is not procedural, but jurisdictional, and we again reserve our rights to supplement this in the event a jurisdictional motion to remand is filed.

The burden to *establish* the basis for removal is on the removing defendant[2]. For example, where based on diversity, the defendant must *establish*, not merely assert, diversity and amount. And for example where, as here, based on federal officer jurisdiction, 28 U.S.C. §1442, the defendant must *establish*, not merely assert, that *with respect to the act **complained of***, the ***operative facts*** pleaded in the state court initial pleading, he did the act as a federal officer within the scope of his duty and has a colorable federal defense.

Often, a defendant addresses this burden readily, as the claims and operative facts in the state court initial pleading make the situation clear, for example addresses on a summons establish diversity, or claims in the complaint allege the defendant was a federal officer acting in the scope and the federal defense is clear.

But sometimes everything necessary to establish removal ***isn't*** clear. In this Circuit that's typical when a defendant removes a state action where there is no complaint, only a summons with notice. As the Court is aware, a summons with notice is not a pleading; ***it contains no claims and no operative facts***. And while the Second Circuit has held that a summons with notice ***can*** be an initial pleading for removal purposes, it's ***only*** where it is intelligently ascertainable, ***definitively***,

---

[2] The Court has an independent duty to investigate jurisdiction even if Plaintiff doesn't contest removal. *Moore*.

8

from the summons with notice that the action *is* removable. Not *might be removable*, or *probably will be removable*, or *one day could be removable*, but *is removable*. For example, in *Whitaker v. Am. Telecasting*, 261 F.3d 196 (2d Cir. 2001), the court held that where a state action had been commenced by a summons with notice, and defendant served with it, but didn't remove on diversity for months, until after receipt of a complaint much later, removal was nevertheless timely because, as diversity could not have been definitively ascertained from the summons with notice in the case, for removal purposes **the summons with notice was not the initial pleading, the subsequent complaint was**.[3]

Here, an adequate Notice of Removal would have to point to statements in the Summons with Notice ***unequivocally*** providing intelligently ascertainable ***unambiguous*** notice Kaminsky ***is*** to be sued for acts taken as a federal officer in the scope of duty to which he has a federal defense. ***There are no such statements, so removal was improper and cannot be sustained.***

First, the summons said Kaminsky would face claims only with respect to Jud. Law §487, a New York State law prohibiting an attorney from committing fraud or deceit in the context of litigation in any New York court (possibly in any court anywhere), state or federal[4]. But it says nothing about what the substance of such claims will, or will not be, nor does it make any such.

---

[3] The same situation can occur without a summons with notice, with a traditional complaint from which it's impossible to establish removability. Then, removal cannot occur until, if at all, until a complaint is served from which a defendant *can* establish grounds. In *Nixon v. O'Callaghan*, 392 F. Supp. 1081 (SDNY 1975), plaintiff filed a complaint in state court alleging that a provision in a trust plan was unreasonable in light of a certain federal regulation. The court held that the mere fact that the federal regulation was the standard the complaint used to claim the provision was unreasonable did not create a federal question, and that even if the complaint *could* have pleaded a federal question, possibly violation of that regulation as a federal cause of action, it *didn't*, or at least it couldn't be definitively said that it did, as the complaint simply alleged that the provision in the trust plan was "unreasonable" in light of the regulation so the complaint could be read as having alleged only a state court claim of breach of fiduciary duty.

[4] The McDade Amendment, 28 USC §530B, provides, in pertinent part, "an attorney for the Government shall be subject to State laws and rules…governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that state.

Unless this Court were to rule that no matter what, ***any*** claim made against a United States Attorney for ***any*** act of fraud or deceit in connection with litigation in a New York court is ***always***, no matter what, a claim for an act taken, or an omission committed, within the scope of his employment – and that is not the agency law of New York State, and it is state law which controls the question of scope in federal officer removal – and so hold that no fraud or deceit can ever be *ultra vires*, including taking a bribe and not disclosing it, or bribing a witness or a judge and not disclosing it, or conspiring to commit felony obstruction, and so on – that statement of §487 liability without instantiating facts is insufficient as a matter of law to support removal.

Similarly, indeed correspondingly, a Notice of Removal on federal officer grounds cannot simply state conclusorily that what the removing defendant was accused of was done within the scope of employment and the defendant has a colorable defense. There must be evidence given with the Notice of Petition, which must describe in reasonable detail exactly how the act complained of was within the scope of employment and exactly how there is a federal defense (we remind the Court that while absolute and qualified immunity are defenses available to prosecutors depending on the role they played (bribing a witness at a crime scene during an investigation vs. bribing a witness one minute before testimony in open court would trigger qualified and absolute immunity, respectively, though again that does not mean they were taken within the scope), even that is missing from the Notice of Petition, which has no particulars of how, when, where, and why what Kaminsky is accused of doing, or not doing, was done, or not done, within the scope, and what his federal defense is, and why its applicable. Of course that's because Plaintiffs never made any such allegations or descriptive statements, nor did they have to, which is why Kaminsky cannot have used the summons with notice to establish removability and why the Notice was improper.

## CONCLUSION

Wherefore, we respectfully request the within motion be granted in all respects and for all other relief as may be just and proper. We also affirm under penalty of perjury per 28 USC §1746 that the below is an accurate copy of the Notice of Discontinuance and accompanying email sent Kaminsky on June 5, 2013, and that all other facts herein are as stated to the best of our knowledge.

| | |
|---|---|
| Dated: July 8, 2013 | /s/ Frederick M. Oberlander |
| Montauk, New York | /s/ Richard E. Lerner |

---

INDEX NO. 651715/2013
NYSCEF DOC. NO. 3 RECEIVED NYSCEF: 06/05/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

J. KRISS and MICHAEL EJEKAM alone and for BAYROCK MERRIMAC LLC; BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC; BAYROCK WHITESTONE LLC; and BAYROCK CAMELBACK LLC; and E/O ERNEST and E/OJUDIT GOTTDIENER; ERVIN TAUSKY; and SUAN INVESTMENTS
       **Plaintiffs**,

v.

INDEX NO. 651715 / 2013

BAYROCK GROUP LLC; TEVFIK ARIF; JULIUS SCHWARZ; FELIX SATTER; BRIAN HALBERG; SALVATORE LAURIA; ALEX SALOMON; JERRY WEINRICH; SALOMON & CO. PC; AKERMAN SENTERFITT LLP; MARTIN DOMB; CRAIG BROWN; DUVAL & STACHENFELD LLP; BRUCE STACHENFELD; DAVID GRANIN; NIXON PEABODY LLP; ADAM GILBERT; ROBERTS & HOLLAND LLP; ELLIOT PISEM; MICHAEL SAMUEL; MEL DOGAN; BAYROCK SPRING STREET LLC; JOHN DOES 1-100; BAYROCK WHITESTONE LLC; BAYROCK CAMELBACK LLC; BAYROCK MERRIMAC LLC; BAYROCK GROUP INC.TAMIR SAPIR; ALEX SAPIR; "SAPIR DOES" 1-100;
       **Group I Defendants**

SECOND NOTICE OF PARTIAL DISCONTINUANCE

WALTER SAURACK; SATTERLEE STEPHENS BURKE & BURKE LLP; KELLY MOORE; MORGAN LEWIS & BOCKIUS LLP; NADER MOBARGHA; MICHAEL BEYS; BEYS STEIN & MOBARGHA LLP;
       **Group II Defendants**

TODD KAMINSKY;
       **Group III Defendants**

CIM GROUP; ISTAR FINANCIAL; "LENDER INVESTOR DOES" 1-100; DONALD TRUMP; IVANKA TRUMP; "TRUMP DOES" 1-100; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.;
       **Group IV Defendants**

**PLEASE TAKE NOTICE:** Pursuant to CPLR §3217(a)(1) this action is discontinued without prejudice as to defendant Todd Kaminsky, and for emphasis as to only that defendant, and no other.

June 5, 2013   /s/ Frederick M. Oberlander, Esq.
       The Law Office of Frederick M. Oberlander, P.C.
       *Counsel for Plaintiffs*
       28 Sycamore Lane (Post Office Box 1870)
       Montauk, New York 11954
       Tel 212-826-0357 Fax 212-202-7624 Email fred55@aol.com

       /s/ Richard E. Lerner, Esq.
       The Law Office of Richard E. Lerner, P.C.
       *Co-Counsel*

From: fred55 <fred55@aol.com>
To: todd.kaminsky <todd.kaminsky@usdoj.gov>;
richardlerner <richardlerner@msn.com>
Date: Wed, Jun 5, 2013 2:51 pm

Attachments: Second_Notice_from_NYSCEF.pdf (437K)

I received a phone call today from an AUSA in SDNY Civil Division who discussed the NY State Supreme Court action with me. I presume they will represent you in it but she neglected to give me her contact information and I didn't catch her last name. Accordingly I cannot give her, assuming I should be giving it to her in the first place as your attorney, the attached.

Mr. Lerner and I have conferred and concluded that under the circumstances the best course is to give it to you and ask you to forward it over to her for her acknowledgment.

This has been filed already with the NY Supreme Court, as you can see, and discontinues without prejudice your participation in that action as a defendant. Please extend my apologies to her for lack of communication as to addresses.

FMO

---

[i] From *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936-38 (9th Cir. 2003), *but this is not the universal view* of 1447(c)'s mandating remand and eliminating discretionary retention of supplemental jurisdiction:

In pertinent part, the removal statute, section 1447(c), provides that motions to remand for procedural defects must be made within 30 days of removal, but "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." [28 U.S.C. § 1447(c).] Wright & Miller says that "[a]n interpretive debate has arisen whether the language 'lacks subject matter jurisdiction' in the current text of Section 1447(c) refers only to defects existing at the time of removal or takes into account subsequent events." [14C Wright, Miller & Cooper, Federal Prac. & Proc., "Jurisdiction and Related Matters," § 3739, p. 435 (3d ed.).] The words "any time" and "lacks," in the present tense, suggest mandatory remand, but the word "case" suggests that jurisdiction must be lacking over the entire case, not merely a claim within the case.

It was well-settled under the previous version of the removal statute that a federal district court retains "the power to hear claims that would not [have been] independently removable even after the basis for removal jurisdiction is dropped from the proceedings." [*See Harrell v. 20th Century Ins., Co.*, 934 F.2d 203, 205 (9th Cir.1991) (internal quotation omitted); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 355 n.11, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (discussing that the pre 1988 version of section 1447(c) "do[es] not apply to cases over which a federal court has pendent jurisdiction. Thus, the remand authority conferred by the removal statute and the remand authority conferred by the doctrine of pendent jurisdiction overlap not at all.")] Our sister circuits that have ruled on the question interpret the statute as amended not to deprive the district court of jurisdiction to decide the related state claims even though the federal claim upon which removal was based is dismissed on the merits. [*See Parker PPA v. Della Rocco, Jr.*, 252 F.3d 663, 666 (2d Cir. 2001).] Thus, in our post-amendment *en banc* decision in *Acri v. Varian Associates*, [114 F.3d 999 (9th Cir. 1997) (*en banc*),] we held that even if all federal claims are dismissed before trial, this "has never meant that they [state law claims] must be dismissed." [*Id.* at 1000.] This interpretation preserves coherence with the new supplemental jurisdiction statute, which provides that where the district court has original jurisdiction over a federal claim, it "shall have supplemental jurisdiction" over related state law claims. [28 U.S.C. § 1367(a).]

---

The supplemental jurisdiction statute, section 1367, says that district courts "shall have" jurisdiction over the non-federal claims forming part of the same case or controversy, which they "may decline to exercise" under denoted circumstances, [28 U.S.C. §1367(c),] while the procedure after removal statute, section 1447, says that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." [28 U.S.C. § 1447(c).] Here is how we reconcile the "may decline to exercise" language of the supplemental jurisdiction statute with the "shall be remanded" language of the procedure after removal statute: if state law claims are asserted as part of the same case or controversy with a federal claim, the district court has discretion to exercise supplemental jurisdiction over the remaining state law claims and the mandatory remand provision of the procedure after removal statute does not apply. Under the plain language of the statutes, logically it cannot "appear[] that the district court lacks jurisdiction" under 1447(c) if it "shall have" jurisdiction under 1367.

The Second Circuit held in *Parker PPA v. Della Rocco, Jr.*, [252 F.3d 663 (2d Cir. 2001)] that "§ 1447(c) merely addresses the consequences of a jurisdictional flaw, i.e. it mandates a remand rather than a dismissal." [*Id.* at 666.] *Parker* relies on language in a Supreme Court decision, *International Primate Protection League v. Administrators of Tulane Educational Fund*, [500 U.S. 72, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991), *superseded by statute on unrelated grounds*, as explained by *Dalrymple v. Grand River Dam Authority*, 145 F.3d 1180, 1184 n.6 (10th Cir. 1998),] that, in somewhat different circumstances, reads the new language in section 1447(c) to mean that "a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand." [*Id.* at 87, 111 S.Ct. 1700.] That is to say, section 1447(c) does not mean that if the federal claim drops out, the district court must remand; it means that if there is no jurisdiction-federal question, supplemental, diversity, or otherwise-the district court must remand the removed case rather than dismissing it. Our cases already bear this out; now we hold explicitly what, in *Acri* and other cases, [*see, e.g., Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802 (9th Cir. 2001) (holding that the exercise of supplemental jurisdiction over nonfederal claims was improper where there was never a valid basis for removal under federal admiralty jurisdiction); *Duncan v. Al Stuetzle*, 76 F.3d 1480, 1491 (9th Cir. 1996) (holding that the district court was required to remand to state courts for lack of subject matter jurisdiction under section 1447(c) where the state court complaint failed to state a federal question under the Lanham Act as it only raised state law issues). *Compare with, Acri,* 114 F.3d at 1000-01 (holding that properly removed nonfederal claims need not be remanded even where the district court dismissed the claim on which removal was based),] we have held implicitly: section 1447(c) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed. Section 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441.

In the case at bar, because Albingia's state law complaint was properly removed to the district court due to the federal question asserted by Albingia's Warsaw Convention claim, the district court had supplemental jurisdiction over the state law claims. The district court's supplemental jurisdiction over the state law claims was not destroyed by dismissal of the Warsaw Convention claim. This is consistent with the long established approach to diversity cases, where even if the damages proved turn out to be less than the jurisdictional amount, the district court nevertheless retains jurisdiction to render a final judgment on the merits. Supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction.