AV:JSS:jss
F. #1998R01996
SATERCOO.AGR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    COOPERATION AGREEMENT

    - against -                              98 CR 1101 (ILG)

FELIX SATER,

                Defendant.

- - - - - - - - - - - - - -X

        Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the United States Attorney's Office for the Eastern
District of New York (the "Office") and FELIX SATER (the
"defendant") agree to the following:

        1.    The defendant will waive indictment and plead
guilty to an information to be filed in this district charging
violation of 18 U.S.C. § 1962(c).    The count carries the
following statutory penalties:

            a.    Maximum term of imprisonment: 20 years
                (18 U.S.C. § 1963(a)).

            b.    Minimum term of imprisonment: 0 years
                (18 U.S.C. § 1963(a)).

            c.    Maximum supervised release term: 3 years, to
                follow any term of imprisonment; if a
                condition of release is violated, the
                defendant may be sentenced to up to 2 years
                without credit for pre-release imprisonment
                or time previously served on post-release
                supervision
                (18 U.S.C. §§ 3583 (b), (e)).

        d.    Maximum fine: 2 times the gross gain or
              gross loss, or $250,000, whichever is
              greater
              (18 U.S.C. § 3571(b) and (d)).

        e.    Restitution: $60 million approx.
              (18 U.S.C. § 3663).

        f.    $100 special assessment
              (18 U.S.C. § 3013).

        g.    Other penalties: N/A.

     2.    The defendant's sentence is governed by the United States Sentencing Guidelines. The Office will advise the Court and the Probation Department of information relevant to sentencing, including all criminal activity engaged in by the defendant, and such information will be used to calculate the Sentencing Guidelines range. Based on information known to it now, the Office will not oppose a downward adjustment of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

     3.    The defendant will provide truthful, complete and accurate information and will cooperate fully with the Office. This cooperation will include, but is not limited to, the following:

        a.    The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

        b.    The defendant agrees to furnish to the Office all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant

to the specific instructions of law
enforcement agents or this Office.

c.   The defendant agrees not to reveal his
     cooperation, or any information derived
     therefrom, to any third party without prior
     consent of the Office.

d.   The defendant agrees to testify at any
     proceeding in the Eastern District of New
     York or elsewhere as requested by the Office.

e.   The defendant consents to adjournments of his
     sentence as requested by the Office.

f.   The defendant agrees to provide the Office
     with a financial statement making truthful
     and complete disclosure under oath concerning
     his financial worth, including all of his
     assets and income in his own name and in the
     name of other persons and entities. The
     defendant further agrees that, upon request
     of the Office, he will provide truthful and
     complete information and assistance with
     respect to the identification and recovery of
     assets, inclding but not limited to real
     property located at 27 Real Nautic Court,
     Hampton Bays, New York, held in the name of
     Avanpark Corp. N.V.  All of the defendant's
     assets may be applied to pay any fine and
     restitution to victims of the defendant's
     criminal activities, as ordered by the Court.

4.  The Office agrees that:

    a.   Except as provided in paragraphs 1, 8, and 9,
         no criminal charges will be brought against
         the defendant for his heretofore disclosed
         participation in criminal activity involving
         fraudulent securities transactions, and the
         unlawful laundering and structuring of
         proceeds therefrom, from approximately
         February 1993 through October 5, 1998; false
         tax reporting and filings for the years 1993
         through 1997 as a result of the
         aforementioned criminal activity; threats of
         violence in connection with securities
         transactions from approximately October 1993

through September 1996; and unlawful
possession of firearms from approximately
March 1996 through January 1998.

b.  No statements made by the defendant during
the course of this cooperation will be used
against him except as provided in paragraphs
2, 8, and 9.

5.  The defendant agrees that the Office may meet with
and debrief him without the presence of counsel, unless the
defendant specifically requests counsel's presence at such
debriefings and meetings. Upon request of the defendant, the
Office will endeavor to provide advance notice to counsel of the
place and time of meetings and debriefings, it being understood
that the Office's ability to provide such notice will vary
according to time constraints and other circumstances. The
Office may accommodate requests to alter the time and place of
such debriefings. It is understood, however, that any
cancellations or reschedulings of debriefings or meetings
requested by the defendant that hinder the Office's ability to
prepare adequately for trials, hearings or other proceedings may
adversely affect the defendant's ability to provide substantial
assistance. Matters occurring at any meeting or debriefing may
be considered by the Office in determining whether the defendant
has provided substantial assistance or otherwise complied with
this agreement and may be considered by the Court in imposing
sentence regardless of whether counsel was present at the meeting
or debriefing.

5

6. If the Office determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the Office will file a motion pursuant to U.S.S.G. § 5K1.1 with the sentencing Court setting forth the nature and extent of his cooperation. Such a motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range. In this connection, it is understood that a good faith determination by the Office as to whether the defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement, and the Office's good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. The defendant agrees that, in making this determination, the Office may consider facts known to it at this time. The Office will not recommend to the Court a specific sentence to be imposed. Further, the Office cannot and does not make a promise or representation as to what sentence will be imposed by the Court.

7. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 4(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. The defendant waives any right to

additional disclosure from the government in connection with the guilty plea.

8.   The defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by the Office that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including (a) not to oppose a downward adjustment of three levels for acceptance of responsibility described in paragraph 2 above, and (b) to file the motion described in paragraph 6 above.   The defendant will also be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the criminal activity described in paragraph 4 above, perjury and obstruction of justice.

9.   Any prosecution resulting from the defendant's failure to comply with the terms of this agreement may be premised upon:   (a) any statements made by the defendant to the Office or to other law enforcement agents on or after October 8, 1998; (b) any testimony given by him before any grand jury or

other tribunal, whether before or after the date this agreement
is signed by the defendant; and (c) any leads derived from such
statements or testimony. Prosecutions that are not time-barred
by the applicable statutes of limitation on the date this
agreement is signed may be commenced against the defendant in
accordance with this paragraph, notwithstanding the expiration of
the statutes of limitation between the signing of this agreement
and the commencement of any such prosecutions. Furthermore, the
defendant waives all claims under the United States Constitution,
Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule
410 of the Federal Rules of Evidence, or any other federal
statute or rule, that statements made by him on or after October
8, 1998, or any leads derived therefrom, should be suppressed.

10. If the defendant requests, and in the Office's
judgment the request is reasonable, the Office will make
application and recommend that the defendant and, if appropriate,
other individuals be placed in the Witness Security Program, it
being understood that the Office has authority only to recommend
and that the final decision to place an applicant in the Witness
Security Program rests with the Department of Justice, which will
make its decision in accordance with applicable Departmental
regulations.

11. This agreement does not bind any federal, state,
or local prosecuting authority other than the Office, and does

not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

12. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes any prior promises, agreements or conditions between the parties. To

become effective, this agreement must be signed by all

signatories listed below.

Dated:   Brooklyn, New York
         December 10, 1998

                              ZACHARY W. CARTER
                              United States Attorney
                              Eastern District of New York

Agreed and consented to:

                         By:  _____
                              Jonathan S. Sack
                              Assistant United States Attorney

_____
Defendant

Approved by:                  Approved by:

_____     _____
Counsel to Defendant          Andrew Weissmann
                              Supervising Assistant U.S. Attorney