


**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EOC:DBP
F.#1998r01996
3500-1.wpd

*156 Pierrepont Street*
*Brooklyn, New York 11201*

RECEIVED
11/21/01
CHAMBERS OF
I. LEO GLASSER
U. S. D. J.

November 20, 2001

**FILED**
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y

★ NOV 27 2001 ★

P.M. _____
TIME A.M. _____

BY FEDERAL EXPRESS

Lawrence Ray
2 Cedar Ridge Lane
Warren, New Jersey 07059

Re: United States v. Lawrence Ray,
Criminal Docket No. 00-196 (ILG)

Dear Mr. Ray:

Enclosed are copies of documents and audiocassette tapes which the government is providing to you pursuant to its obligations under the Jencks Act, which is codified at Section 3500 of Title 18 of the United States Code, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure. As a courtesy, since you are not an attorney, we also have enclosed copies of Section 3500 and Rules 16 and 26.2.

As you will see, taken together, Section 3500 and Rule 26.2 provide that after a witness called by the government has testified on direct examination, a defendant may ask the judge to order the government to give the defendant copies of any written or recorded statements of the witness in the government's possession relating to the subject matter about which the witness testified. As a courtesy, this Office generally does not wait for a defendant to make a motion to receive such materials, nor do we wait until the witness has testified on direct examination to provide copies of such materials. We also generally take a broad view regarding which statements "relate" to the subject matter of a witness's testimony.

With these principles in mind, we are providing you with copies of (i) transcripts of prior testimony of Professor Steven Thel, who will be called by the government as an expert witness,[1] (ii) copies of reports of interviews of you by FBI

---

[1] The nature of Professor Thel's expert testimony is described in a separate letter to you dated today.

Special Agents Gary Uher and Leo Taddeo,[2] both of whom the government expects to call as witnesses, and (iii) audiotapes of recorded conversations involving Joseph Polito and Felix Sater, both of whom will be called by the government as a cooperating witnesses.[3] With regard to the audiotapes, we do not intend to offer any of them into evidence at trial and do not believe they will have any relevancy at trial. However, for the reasons set forth above, we provide them to you, in an abundance of caution, to ensure that there is no question that we have satisfied all of our obligations to you under Section 3500.

Finally, we wish to advise you of your reciprocal obligations to provide materials to us.

First, Rule 16 of the Federal Rules of Criminal Procedure provides that, upon request of the government (which we previously made, in a letter to your prior attorney), you must allow us to inspect and copy any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in your possession, custody or control, and which you intend to introduce as evidence or otherwise rely on at trial. You must also provide us with copies of any reports of physical or mental examinations and/or of scientific tests or experiments made in connection with this case, or copies thereof, which are in your possession and which you intend to introduce as evidence or otherwise rely on at trial. Finally, you must provide us with the identity of any expert witnesses you intend to call, along with a summary of their testimony. If you fail to comply with any of these obligations, the Court may order that you be preclude from offering into evidence any materials you failed to turn over to us in violation of your Rule 16 obligations.[4]

---

[2] Copies of the Uher and Taddeo reports were provided to you previously. We nonetheless provide you with additional copies as a courtesy.

[3] You were provided, under cover of a letter dated yesterday, with copies of materials relating to the testimony of Polito and Sater, along with copies of materials relating to another cooperating witness, Salvatore Lauria.

[4] Please be advised that this letter does not purport to list and describe all of your obligations under Rules 16 and 16.2 and all the other rules in the Federal Rules of Criminal Procedure. You should looked to the Rules themselves, not the summary provided by us in this letter.

Second, you bear the same obligations we bear under Rule 26.2; therefore, you must provide us with copies of any written or otherwise recorded relevant statements of witnesses you intend to call at trial. The rule allows you (as it allows us) to withhold such materials until after the witness has testified; however, we ask you to provide us with the same courtesy we have provided you, and to give us copies of such materials now.

Very truly yours,

ALAN VINEGRAD
UNITED STATES ATTORNEY

By: _____
David B. Pitofsky
Assistant U.S. Attorney

cc: Clerk of the Court
(by interoffice mail)
(w/o enclosures)



**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

147 Pierrepont Street
Brooklyn, New York 11201

November 30, 2001

<u>Federal Express</u>

Lawrence Ray
2 Cedar Ridge Lane
Warren, New Jersey, 07059

      Re: United States v. Lawrence Ray
          <u>Criminal Docket No.00 Cr.196 (ILG)</u>

Dear Mr. Ray:

    Please find additional 3500 material on witnesses Felix Sater 3500-FS-41, and Agent Leo Taddeo 3500-FBI 18, 19 & 20. If you have any questions, please feel free to call me.

                               Very truly yours,

                               ALAN VINEGRAD
                               United States Attorney

                 By: _____
                       Samuel Noel
                       Paralegal Specialist
                       (718) 254-6369

289

RJN 00 000102 102212

```
                                                                    1

 1
 2                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 3    - - - - - - - - - - - - - - X
 4
      UNITED STATES OF AMERICA,    :
 5                                          CR-00-196
 6          -against-                    United States Courthouse
                                   :     Brooklyn, New York
 7    FRANK COPPA, ET AL,
 8
              Defendants.
 9                                 :     February 2, 2001 2000
                                         Ten o'clock a.m.
10    - - - - - - - - - - - - - - X
                    TRANSCRIPT OF PROCEEDINGS
11            BEFORE THE HONORABLE I. LEO GLASSER
                UNITED STATES DISTRICT JUDGE
12    APPEARANCES:

13    For the Plaintiff:         LORETTA E. LYNCH
                                 United States Attorney
14                               BY:  ERIC CORNGOLD
                                 Assistant United States Attorney
15                               One Pierrepont Plaza
                                 Brooklyn, New York 11201
16
17    For the Defendants:        MICHAEL ROSEN, ESQ
                                 For Defendant Garafola
18
                                 J. BRIAN HANSBURY, ESQ.
19                               For Defendant Montevecchi

20                               JOSEPH GIANNINI, ESQ.
                                 For Defendant Persico
21
                                 ANDREW WEINSTEIN, ESQ.
22                               For Defendant Cioffoletti

23                               JEFFREY LICHTMAN, ESQ.
                                 MIRANDA FRITZ, ESQ.
24                               For Defendant Lev

25                               THOMAS ROTH, ESQ.
                                 For Defendant Ray

              HOLLY DRISCOLL, CSR      OFFICIAL COURT REPORTER
```

RJN 00 000127 102212

1  was told that he would not only not be prosecuted, he wouldn't
2  have to testify.  That promise I would suggest by the FBI is
3  highly relevant on a public authority defense and he
4  cooperated with the express promise by the FBI that if he did
5  so and, in fact, was under the impression that he was risking
6  his life while he was doing it, he wouldn't be prosecuted on
7  this case.  The FBI and the United States Attorney's Office
8  then reneged on that promise and, therefore, he was indicted I
9  guess in 2000 and he finds himself here today.
10          His cooperation was very extensive in this case.
11 Mr. Corngold tries to create the impression that by the time
12 he cooperated this case was over.  That's not true.  He met
13 with Mr. Garafola in this case surveilled by the FBI in this
14 case.  He went to Russia on behalf of the FBI in this case to
15 bring Mr. Felix Sater, an unindicted co-conspirator and
16 cooperator with the government, an individual who is going to
17 testify, he went to Russia at the behest of the FBI to bring
18 him back to the United States.  Now, the FBI has conveniently
19 lost all records.  I've requested in discovery pursuant to
20 Rule 16 all records of his cooperation, 302s.  They don't have
21 anything but his cooperation did exist, we can prove it
22 independently and he was promised a walk on this case which he
23 did not get.
24          THE COURT:  Mr. Roth, I'm just thinking aloud, if
25 what you say is correct, is there some basis for a motion by

RJN 00 000130 102212

1  issue of guilt or innocence in this case.
2      THE COURT: Well, it's not a question of guilt or
3  innocence, we're dealing with a severance motion.
4      MR. CORNGOLD: That's correct though it is also tied
5  in to the discovery motion and it is relevant to the severance
6  motion because the premise of the motion or part of the
7  premise of the motion is there's going to be all of this ugly
8  evidence introduced that only relates to Mr. Ray that arguably
9  is damaging to Mr. Garafola and it's our position simply that
10 this evidence is just not admissible evidence in a trial,
11 either a joint trial or a severed trial.  I just want to say
12 two other things, I think we've said in the papers but just to
13 make it clear, it is simply not true that the government sent
14 Mr. Ray to Russia to bring Mr. Sater back and it is simply not
15 true that the government conveniently lost all the records.
16 The government has disclosed to Mr. Roth all the relevant 302s
17 that have to do with debriefings that occurred in this '96
18 period about these matters and it's just important I think for
19 the government to say that those two statements are just not
20 true.
21     THE COURT: Okay.  Anything else?
22     MR. ROTH: Thank you, Judge, no, nothing.
23     THE COURT: That motion is submitted.  I think that's
24 the only motion you made.
25     MR. ROTH: No, that's not true, Your Honor, I have a

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ NOV 16 2000 ★
TIME A.M. _____
P.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

   -against-

                                  00 CR 196 (ILG)

DANIEL LEV, et. al,

           Defendants.

------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT DANIEL LEV'S PRETRIAL MOTIONS

JEFFREY LICHTMAN
41 Madison Avenue
34th Floor
New York, New York 10010
(212) 689-8555

Maranda E. Fritz
FRITZ & MILLER
565 Fifth Avenue
New York, New York 10017
(212) 983-0909

Attorneys for Daniel Lev



#129

## POINT IV

## DEFENDANT DANIEL LEV IS ENTITLED TO PRETRIAL DISCLOSURE OF ANY AND ALL INFORMATION FALLING WITH THE PURVIEW OF BRADY V. MARYLAND* AND ITS PROGENY

As noted previously, Daniel Lev's involvement in the wide-ranging crimes charged in this Indictment are limited to his single investment in U.S. Bridge. According to the government, cooperating witnesses Gennady Klotsman and Felix Sater served as the solicitors of Lev for his investment. Therefore, the lion's share of proof against Lev will come from the mouths of these cooperators. As such, the credibility of these witnesses are of paramount importance to Daniel Lev's defense.

With this in mind, on March 27, 2000 the defendant served a general discovery letter on the government which requested disclosure of all Brady material known to the government. In the government's Rule 16 letter of April 21, 2000, no mention was made of the government's possession of any Brady material. The government's May 24, 2000 "general index of the documents available for inspection and copying", however, contains materials which clearly are impeachment materials, i.e., "People v. Sater" materials.

As these materials were not forwarded to the defense, Lev served a more specific Brady demand pursuant to its letter of October 10, 2000. In this letter, Lev requested:

> bank, phone and financial records of Eugene Klotsman and Felix Sater; NASD/SEC disciplinary and employment history for Klotsman and Sater; customer complaints regarding Klotsman and Sater; materials from People v. Sater; and any recorded witness statements from these or any government witness which serve to

---

*Brady v. Maryland, 373 U.S. 83 (1963).

33

## JEFFREY LICHTMAN
ATTORNEY AT LAW

41 MADISON AVENUE
34TH FLOOR
NEW YORK, NEW YORK 10010

TELEPHONE: 212 689 9555
FAX: 212 689 7050

January 16, 2002

**BY FEDERAL EXPRESS**
Mary Ann Betts
United States Probation Officer
Eastern District of New York
75 Clinton Street
Room 405
Brooklyn, New York 11201-4201

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. JAN 18 2002

Re: U.S. v. Lev, 00 CR 196 (S-1) (ILG)

Dear Ms. Betts:

As counsel for Daniel Lev, I am submitting, pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, his objections to the Presentence Report ("PSR"). The objections are factual in nature and will be addressed in the order stated in the PSR.

Paragraph 33:

The defendant rejects the claim that he was involved in the U.S. Bridge Stock fraud. In addition, as defendant Lev allocuted during his guilty plea, he harassed Felix Sater's father in an attempt to convince him that he should dissuade his son from testifying in the U.S. v. Coppa, et al. case. As the government knows, Mr. Lev was approached by Mr. Sater (not the other way around) and never threatened or intimidated him in any manner. In sum, Mr. Lev attempted to influence Felix Sater from testifying against *him and anyone else* in this case.

Furthermore, Daniel Lev's guilty plea was not the sole cause Felix Sater was not called as a witness in this case. Sater was a witness against many other defendants who ultimately pleaded guilty. In the defendant's estimation, the reason the RICO charges against him were dropped is because the bulk of the evidence against him – the testimony of government witnesses Sater and Gennady Klotsman -- was unreliable.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
)
vs. ) **PRESENTENCE INVESTIGATION REPORT**
)
ABRAHAM SALAMAN ) DOCKET NO.: 00-CR-196-18
) 00-CR-930-03
)

**Prepared for:** The Honorable I. Leo Glasser
Senior United States District Judge

**Prepared by:** Elizabeth M. Fitzgerald
United States Probation Officer

<u>Assistant U.S. Attorney</u>              <u>Defense Counsel</u> (Retained)
Jonathan S. Sack, Esq.                  A. John Pappalardo, Esq.
                                        Greenberg Traurig, LLP
                                        One International Place, 3rd Floor
                                        Boston, MA 02110
                                        (617) 310-6001

**Sentence Date:** March 8, 2002 @ 10:00 a.m.

**Offenses:** See page 2.

**Arrest Date:** March 3, 2000

**Release Status:** Released March 3, 2000, on a $750,000 Personal Recognizance Bond.

**Detainers:** None

**Other Defendants:** See pages 2-3.

**Date Report Prepared:** January 11, 2002

3B1.1(a) is appropriate. Further, as a licensed stock broker, Durchalter abused a position of private trust, and used a special skill to facilitate the commission of the instant offense. As such, a 2-level enhancement per Guideline 3B1.3 is applied. An ex post facto issue exists and the guideline manual in effect at the time of the offense will be used.

42. Edward Garafola was arrested on March 2, 2000, and made no post-arrest statement. The Government advises that Garafolo, the brother-in-law of Sammy Gravano, is a made-member of the Gambino organized crime family. He used his position in the Gambino family to conspire to extort Felix Sater for the recovery of the $100,000 paid for the bonding of U.S. Bridge of New York (see ¶ 23). In furtherance of the conspiracy to extort Sater, Garafolo was present when Polito made threatening remarks to Sater with the express or implied threat of bodily injury. Pursuant to Guideline 2B3.2(b)(1), a 2-level enhancement is deemed applicable. As Garafolo attempted to extort $100,000, a 2-level enhancement is applicable, per Guideline 2B3.2(b)(2) and the table in Guideline 2B3.1(b)(7). Garafolo played a minor role in the instant offense and warrants a 2-level mitigating role adjustment, per Guideline 3B1.2(b).

43. Daniel Lev was arrested on March 2, 2000, and provided no post-arrest statement. According to the Government, while not an employee of White Rock/State Street, Lev was involved in the USBNY stock deal in that he lent $300,000 to USBNY which was used to purchase 3 million warrants (the right to buy stock). At the time of the IPO of U.S. Bridge of New York, the warrants were in Lev's name, and White Rock's principals had arranged to purchase all of Lev's warrants at a low price for purposes of then inflating the price and selling them at substantial profit. During the summer of 2000, following the arrests for the instant offense, Lev confronted Felix Sater's father and verbally abused and harassed him with the objective to get Felix Sater to not truthfully testify against Lev. The Government did not provide information related to the extent of the verbal abuse and harassment, or whether there was any express or implied threat of injury or damage. Due to Lev's guilty plea, Sater was not called as a witness. No aggravating or mitigating role adjustment appears warranted.

44. Eugene Lombardo was already in custody for his Southern District of New York conviction and appeared in U.S. District Court for the Eastern District of New York on April 7, 2000, for the instant offense. He provided no post-arrest statement. According to the Government, Lombardo, an associate of the Bonanno organized crime family, was a regular presence at White Rock/State Street because Montevecchi wanted him there so that he (Montevecchi) would know what deals were being made in his absence. The partners acquiesced to Montevecchi's desire to have Lombardo present. While at White Rock/State Street, Lombardo proposed various deals (notably, the sale of a large block of

EOC:DP
F.#1998r01996
WITNESS-LIST.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA           00 Cr. 196 (ILG)

        -against-

DANIEL PERSICO,

            Defendants.
- - - - - - - - - - - - - - - - - -X

## THE GOVERNMENT'S WITNESS LIST

1. Traci Manuel

2. Joseph Polito

3. Felix Sater

4. Special Agent Leo Taddeo

5. Professor Steven Thel


                            Respectfully submitted,

                            ALAN S. VINEGRAD
                            United States Attorney
                            Eastern District of New York

Eric O. Corngold
David B. Pitofsky
Assistant U.S. Attorneys
  (Of counsel)

CLOSED,APPEAL,MJSELECT

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: 1:00-cr-00196-ILG All Defendants

Case title: USA v. Coppa et al     Date Filed: 03/01/2000
Date Terminated: 06/14/2004

**Movant**

Estate of Ernest Gottdiener     represented by John F. Harwick
Hacker Murphy LLP
7 Airport Park Blvd.
Latham, NY 12110
518-783-3843
Fax: 518-783-8101
Email: jharwick@hackermurphy.com
*ATTORNEY TO BE NOTICED*

**Movant**

Judith Gottdiener     represented by John F. Harwick
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

Ervin Tausky     represented by John F. Harwick
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

Suan Investments, Inc.     represented by John F. Harwick
(See above for address)
*ATTORNEY TO BE NOTICED*

Assigned to: Judge I. Leo Glasser

---

| Date | # | Docket Text |
|---|---|---|
| | | Aleks Paul's sentencing has been adjourned to 2/28/01 at 10:00. And also the Government has consented to Mr. Paul's request to travel. *This is document #86 in 99cr372. (Guzzi, Roseann) (Entered: 01/11/2001) |
| 01/11/2001 | 156 | LETTER dated 1/3/01 from Richard W. Brewster, Esq., to Judge Glasser informing the court that defendant Eugene Lomardo wishes to join in that part of Ernest Montevecchi's motion seeing to dismiss the allegations in the instant indictment. (Johnson, Tanya) (Entered: 01/11/2001) |
| 01/17/2001 | 157 | LETTER dated 1/10/01 from Jeffrey Lichtman, Esq., to Judge Glasser requesting to modify the bail conditions of defendant Daniel Lev to allow the defendant to travel to Russia for business purposes. (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | 157 | ENDORSED ORDER on pg 2 of doc #157, granting the request to modify defendant Daniel Lev's bail conditions allowing him to travel to Russia from 1/15/01 to 1/28/01 for business purposes. (Signed by Senior Judge I. L. Glasser on 1/10/01) (Johnson, Tanya) (Entered: 01/17/2001) |
| 01/17/2001 | 158 | MEMORANDUM by USA in opposition to the defendants' pretrial motions. (Johnson, Tanya) (Entered: 01/19/2001) |
| 01/29/2001 | 159 | REPLY by Abraham Salaman in further support of his pretrial motions. [154-1] [154-2] [154-3] [154-4] [154-5] (Johnson, Tanya) (Entered: 01/31/2001) |
| 01/29/2001 | 160 | REPLY AFFIDAVIT by J. Brian Hansbury, Esq., on behalf of defendant Ernest Montevecchi in response to the government's memorandum in opposition to the defendant's pretrial motions. (Johnson, Tanya) (Entered: 01/31/2001) |
| 02/02/2001 | 182 | CALENDAR ENTRY as to Frank Coppa Sr., Ernest Montevecchi in aniel Persico, Jack Basile, Rocco Basile, Larry Berman, John Cioffoletti, John Doukas, Walter Durchalter, Edward Garafola, Daniel Lev, Eugene Lombardo, Edmond Nagel, Alfred Palagonia, Aleks Paul, Joseph Polito Sr., Lawrence Ray, Abraham Salaman, Giuseppe Temperino. Case called before Senior I. L. Glasser on 2/2/01 for Status Conference. Court Reporter: Holly Driscoll. Counsel for all sides present. Mr. Rosen argues severance motion on behalf of Garabola. Decision reserved. Mr. Rosen's motion to suppress is denied. Mr. Roth argues severance mtoen on behalf of Ray. Decision reserved. Mr. Lichtman argues severance motion on behalf of defendant Lev. Decision reserved. Mr. Rovell's motion is also reserved. Andrew Weinstein argues money laundering motion on behalf of defendant Cioffoletti. Motion is denied. Ms Miranda Fritz argues money laundering motion on behalf of defendant Lev. Motion is denied. Brian Hansbury argues money laundering motion on behalf of defendant Monturecchi. Motion is denied. Mr. Giannini argues money laundering motion. Motion is denied. The court denies Mr Giannini's motion to suppress. Ms. Miranda Fritz argues motion to dismiss Ricco counts as to defendant Lev. Motion is denied. Mr. Hansbury argues motion to dismiss. Motion is denied. Brady material to be turned over upon request. Giglio material to be disclosed in sufficient time as needed by defense. Rocco Basile will be pleading guilty on 2/7/01, before Magistrate/Judge Pollak. Mr. Corngold expect six mor guiltu plea. Set the next conference fore 3/15/01 at 10:00. Trial date will be set then. |

| | | |
|---|---|---|
| | | Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time by the court in consultation with the probation department. Defendant to comply with the restitution order. Defendant to receive treatment for substance abuse. Restitution in the amount of $5,000,000.00 as to case CR-98-1129. The $100 SA is imposed on each count for a total assessment of $200.00. Upon the motion of the AUSA, all open counts are dismissed. Defendant is advised of his right to appeal. Court Reporter: Paul Schoeman. This is document #1238 in case 98-CR-1129. (Chee, Alvin) (Entered: 12/03/2001) |
| 11/26/2001 | 269 | CJA 20 as to Lawrence Ray in 1:00-cr-00196: Appointment of Attorney David S. Zapp ( Signed by Senior Judge I. L. Glasser , Dated 11/19/01) (Sica, Michele) (Entered: 11/26/2001) |
| 11/26/2001 | 274 | ORDER as to Daniel Lev in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Russia from 11/25/01 to 12/20/01 . ( Signed by Senior Judge I. L. Glasser , on 11/21/01). Endorsed on letter dated 11/21/01 from Jeffrey Lichtman to Judge Glasser. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 275 | LETTER dated 11/20/01 from AUSA David Pitofsky to Lawrence Ray enclosing copies of documents and audiocassette tapes pursuant to the Jencks Act, and advising him of his reciprocal obligations to provide materials. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 276 | LETTER dated 11/20/01 from AUSA David Pitofsky to Lawrence Ray providing discovery. (Sica, Michele) (Entered: 11/27/2001) |
| 11/27/2001 | 277 | MOTION by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 for admission, at trial, of a "glossary of securities-related terms" as an aid to the jury, and to preclude the dft from offering certain evidence at trial . Memo in support and exhibits A-C attached. (Sica, Michele) (Entered: 11/28/2001) |
| 11/27/2001 | 284 | JUDGMENT Rocco Basile (5) count(s) 5. Imprisonment of 44 months on each count to run concurrently. Supervised release of 3 years on each count to run concurrently. Special assessement of $200. Restitution of $5,000,000.00. Court recommends that defendant be designated to an institution in the Northeast Region and further invites consideration that defendant be designated to the same institution as his brother Jack Basile. Defendant shall surrender before 2 PM on 2/4/02. Special condition of SR: 1) Community service during the first 2 years of SR as follows: 20 hours per week under the direction of the court through the supervision of the probation department. As part of community service, the defendant will be permitted to work on the YMCA Building project in his community. 2) Defendant to make full financial disclosure as and when required by and to this court. 3) Restitution payments at a rate to be determined by the court and not less than 10% of gross earnings. The rate to be adjusted from time to time |

| | | |
|---|---|---|
| | | Abraham Salaman in 1:00-cr-00196, Giuseppe Temperino in 1:00-cr-00196, granting USPO Carol Pizarro's request and adjourning sentencing to 1/25/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 11/27/01) (Sica, Michele) (Entered: 11/30/2001) |
| 11/30/2001 | | DISMISSAL of Count(s) on Government Motion as to Edmond Nagel in 1:00-cr-00196 party Edmond Nagel in 1:00-cr-00196 Counts Dismissed: Edmond Nagel (13) count(s) 1, 2, 9, 10, 12. (Permaul, Jenny) (Entered: 12/04/2001) |
| 11/30/2001 | 286 | JUDGMENT Edmond Nagel (13) count(s) 11. IMPRISONMENT: 37 months; SUPERVISED RELEASE: 3 years; SPECIAL ASSESSMENT: $200.00; ($100.00 in 01-CR-705 and $100.00 in 01-CR-196). The court recommends that the deft. be designated to Morgantown, West Virginina; Deft. to surrender for serviceof sentence on 1/30/02 befor 2:00. Signed by Senior Judge I. L. Glasser , on 11/30/01. Signed Senior Judge I. L. Glasser , on 11/30/01. terminated party Edmond Nagel in 1:00-cr-00196 (Permaul, Jenny) (Entered: 12/04/2001) |
| 12/03/2001 | 288 | CALENDAR ENTRY as to Lawrence Ray in 1:00-cr-00196; Case called before Senior Judge I. L. Glasser on date of 12/3/01 for jury selection and trial. Defense Counsel: David Zapp. AUSA: Eric Corngold and David Pitofsky. Court Reporter: Henry Shapiro. Mark Macron was contacted by the defendant yesterday. He cannot file a notice of appearance and start the trial today. Mr. Ray begs the Court for more time. The Court is ready to proceed to trial. Defendant withdraws not guilty plea and enters plea of Guilty: Lawrence Ray (17) count(s) 10 . Court accepts the plea. Sentencing is set for 3/7/01 at 10:00. AUSA will move to dismiss open counts. (Rodriguez,Angela) (Entered: 12/06/2001) |
| 12/05/2001 | 287 | Proposed Voir Dire Questions by USA in 1:00-cr-00196 as to Lawrence Ray in 1:00-cr-00196 {Request to Charge) (Permaul, Jenny) (Entered: 12/05/2001) |
| 12/05/2001 | 289 | LETTER dated 11/30/01 from Samuel Noel to Lawrence Ray regarding additional 3500 material on witnesses Felix Sater 3500-FS-41 and Agent Leo Taddeo 3500-FBI 18, 19, & 20. (Sica, Michele) (Entered: 12/12/2001) |
| 12/12/2001 | 290 | ORDER as to John Cioffoletti in 1:00-cr-00196 adjourning sentencing until 1/12/02 at 10:00. ( Signed by Senior Judge I. L. Glasser , on 12/11/01). Endorsed on letter dated 12/5/01 from James LaRossa to Judge Glasser. (Sica, Michele) (Entered: 12/12/2001) |
| 12/12/2001 | 291 | Amended Consent ORDER Directing Forfeiture of Property as to Edmond Nagel in 1:00-cr-00196 that dft shall forfeit $600,000.00 and all right, interest, stock, or warrants in Condor Capital Inc. to the US as propert involved in money laundering. This order shall be final against dft, and shall be included in the judgment. The US Marshal's Service is authorized to deposit property in US Department of Justice's Asset Forfeiture. 4 certified copies sent to AUSA David Goldberg. ( Signed by Senior Judge I. L. Glasser , dated: 11/29/01) (Sica, Michele) (Entered: 12/12/2001) |
| 12/13/2001 | 292 | ORDER as to Frank Coppa Sr. in 1:00-cr-00196, Modifying Conditions of Release to allow dft to travel to Florida from 12/28/01 to 1/13/02 . (Signed by Senior Judge I. L. Glasser , on 12/12/01). Endorsed on letter dated 12/12/01 from Larry Bronson to Judge Glasser. (Sica, Michele) (Entered: 12/17/2001) |