```
                                                              1


 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - X
 3                               :

 4

 5   IN RE:  JOHN DOE,
                                       CV 98-1101
 6

 7                               :
                                       United States Courthouse
 8
                                       Brooklyn, New York,
 9

10                               :
                                       July 20, 2010
11   - - - - - - - - - - - - - - X     10:30 o'clock a.m.

12                 TRANSCRIPT OF ORAL ARGUMENT
                BEFORE THE HONORABLE I. LEO GLASSER
13                 UNITED STATES DISTRICT JUDGE

14   APPEARANCES:

15   For the Plaintiff:      MORGAN LEWIS & BOCKIUS, LLP
                             101 Park Avenue
16                           New York, N. Y.
                             BY:  KELLY MOORE, ESQ.
17                                LESLIE R. CALDWELL, ESQ.
                                  DAVID A. SNIDER, ESQ.
18                                BRIAN A. HERMAN, ESQ.

19   For the Defendant:      WILSON ELSER MOSKOWITZ EDELMAN
                             & DICKER, LLP
20                           150 East 42nd Street
                             New York, N. Y. 10017
21                           BY:  RICHARD LERNER, ESQ.
                                  LAUREN J. ROCKLIN, ESQ.
22
     Court Reporter:         Henry R. Shapiro
23                           225 Cadman Plaza East
                             Brooklyn, New York
24                           718-613-2509

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.
```

18

1   document which were sealed available to third parties.  That
2   was a very significant concern.
3         A hearing, which we held some weeks ago, makes it
4   plain and, I think, it is beyond dispute that these documents
5   were not removed by John Doe, he properly had them.  The
6   cooperation agreement was a document which was in the
7   possession of his then attorney.  His attorney had a perfect
8   right, as did John Doe, to have a copy of that cooperation
9   agreement, had a perfect right to have whatever document
10  pertained to his case, which may have been part of the file.
11        Assume that John Doe decided to make the cooperation
12  agreement, the proffer agreement available to a third-party,
13  would an order have been violated?  The answer is clearly,
14  no.  John Doe had these documents, so the testimony has thus
15  far revealed, Mr. Bernstein has not submitted an affidavit
16  nor has he testified.  You cannot find him for the purpose of
17  serving the subpoena.
18        What we have on the record is the testimony by John
19  Doe that he did not give those documents to Mr. Bernstein,
20  which gives rise to the legitimate inference that Mr.
21  Bernstein may have stolen them, may have improperly obtained
22  those documents.
23        What order of the Court was violated by that event?
24  Those documents then came into the hands of Mr. Oberlander.
25  Mr. Oberlander knew that those documents were sealed

A