```
                                                                    1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - - - X

    UNITED STATES OF AMERICA,    :

                    Plaintiff,   :   CR-98-1101
                                 :
             -against-           :   United States Courthouse
                                 :
                                 :   Brooklyn, New York
                                 :
    JOHN DOE,                    :
                                 :
                    Defendant.   :
                                 :   October 23, 2009
                                 :   10:00 a.m.
    - - - - - - - - - - - - - X

                    TRANSCRIPT OF SENTENCING
             BEFORE THE HONORABLE I. LEO GLASSER
             UNITED STATES DISTRICT SENIOR JUDGE

    APPEARANCES:

    For the Plaintiff:        BENTON J. CAMPBELL, ESQ.
                              United States Attorney
                         BY:  TODD KAMINSKY, ESQ.
                              MARSHALL MILLER, ESQ.
                              Assistant United States Attorneys

    For the Defendant:        KELLY MOORE, ESQ.
                              LESLIE CALDWELL, ESQ.




    Court Reporter:           FREDERICK R. GUERINO, C.S.R.
                              225 Cadman Plaza East
                              Brooklyn, New York
                              718-330-7687


    Proceedings recorded by mechanical stenography, transcript
    produced by CAT.
```

FREDERICK R. GUERINO, C.S.R.      OFFICIAL COURT REPORTER

1  last 13 years -- excuse me, the last eleven years since he's
2  cooperating. He's not going to - notwithstanding the DWI
3  incident - he's not going to appear before this court or any
4  other court again in the context of a criminal case.
5       We understand that to ask for a sentence of no jail
6  term and no probation is extraordinary, but we think it is
7  warranted in this case where Mr. Slater really has been under
8  a sort of defacto probation for the last ten years. As he
9  has worked very closely with the F.B.I. agents, the
10 government has not seen it necessary to impose any kind of
11 restrictions or conditions on Mr. Slater over the last ten
12 years. He has been traveling freely and does travel to
13 Russia in connection with the real estate business he's
14 involved in, and the government has not imposed any reporting
15 requirement on him over those last ten years.
16      THE COURT: You have to slow down a little bit for
17 the arms of our court reporter.
18      MS. CALDWELL: As I always did before.
19      In any event, your Honor, I think Mr. Slater is
20 really deserving of the full measure of leniency that this
21 court can impose, given the extraordinary circumstances of
22 his cooperation and the fact he has really rehabilitated
23 himself in these last -- really since 1996. Thank you.
24      THE COURT: Mr. Kaminsky or Mr. Miller.
25      MR. KAMINSKY: I will address the court first.

1   justification. I'm just merely trying to explain the
2   circumstances under which I engaged in that activity, what
3   was happening to me at the time.
4       I quit of my own accord, approximately two years
5   before the government asked me, until I found out that there
6   was a case getting started or investigation. I quit. I did
7   not want to be involved in criminal activity. I went to
8   Russia to work in telecommunications to get away from what I
9   was involved with here. ███████████
10  ████████████████████████████████████████
11  ████████████████████████████████████████
12  ████████████████████████████████████████
13  ██████. But more importantly because why I have
14  continued all of these years, why I was asked many times by
15  various agents, by various prosecutors, is it time yet to get
16  sentenced? I said no, I'm willing to continue working. I
17  did it because I want some redemption. Yes, I am a criminal.
18      Yes, I am guilty of the things that I have done.
19  The worse thing that could happen, your Honor, despite
20  whatever sentence you impose upon me, I went into real estate
21  development and I built a very successful real estate company
22  right up the block, a Trump project, built the whole thing.
23  Years ago they wrote an article in the newspaper, "executive
24  with ties to Donald Trump has a criminal past" the next
25  month I had to leave my company, the company that I built

**A**

FREDERICK R. GUERINO, C.S.R.    OFFICIAL COURT REPORTER

1   with my own two hands, otherwise the banks would have said
2   there's a criminal involved. I had to get out. At that
3   moment I thought my life was over. Here I am trying to
4   rehabilitate myself and keep getting the rug pulled out from
5   under me. I thought that was the case until a week later my
6   daughter came home and said the kids at school said my Dad is
7   a terrorist.
8       I guess the worst thing that is going to happen and
9   is happening is the blight I put on my children, and I will
10  now in the past and in the future try to do good deeds, try
11  to be a positive member for my family and for my community to
12  in some way hopefully balance out the mountain of garbage I
13  heaped on my own life.
14      In closing, your Honor, I'm guilty of the things I
15  have done and I stand before you with no justification, and
16  I'm ready to accept any punishment you feel is deserving for
17  me to fulfill anything that I have done.
18      THE COURT: I frequently hear a phrase that Ms.
19  Caldwell used, literally hundreds of persons who stand before
20  me that do use, "I made a terrible mistake." The word
21  "mistake" always intrigues me. Given what you have done over
22  the past eleven years raises a question as how is it
23  possible, given the character that you exemplified those
24  eleven years, how is it possible that you became involved in
25  an enterprise, which is what the RICO prosecution was all

FREDERICK R. GUERINO, C.S.R.    OFFICIAL COURT REPORTER