

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/17/2014

BEYS STEIN MOBARGHA & BERLAND LLP
Nader Mobargha
646.755.3603 (Direct)
nmobargha@beysstein.com

April 14, 2014

**BY EMAIL**
The Honorable Lorna G. Schofield, United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re: *Kriss v. Bayrock Group, LLC et al.*, 13 cv 3905

Dear Judge Schofield:

On behalf of Defendants Felix Sater and Salvatore Lauria, we respectfully submit this letter in response to your order, dated April 8, 2014, directing us to "address[] the issues raised in Plaintiffs' [April 7, 2014] ex-parte letter." Plaintiffs' letter is a desperate ploy to permanently delay filing an actual pleading in this bad faith, $1 billion extortionate lawsuit, which would be subject to dismissal and sanctions motions. Rather than litigate their preposterous allegations, Defendants prefer to dwell in this quasi-litigation limbo where they can write endless letters to the court, continue to disparage Defendants Sater and Lauria, and recycle a 20-year old crime, but are never actually held accountable for the merits. This is simply a continuation of the tactics by Plaintiffs and their lawyers that have been repeatedly condemned by the Second Circuit and several Southern and Eastern District judges. (*See* Ex. 13, Defendants' April 18, 2013 letter to the Court (for a brief but devastating history of the unlawful tactics of Plaintiff and their counsel)). Consequently, the Court should dismiss the case with prejudice unless Plaintiffs immediately file a complaint against which Defendants can move.

Plaintiffs' allegations that Defendants are engaging in "obstructive intimidations and threats" against "[Plaintiffs], their counsel, clients, families, partners, investors and customers," to prevent them from filing the complaint are baseless and utter nonsense. To the contrary, Defendants have waited for months for Plaintiffs to file their complaint in this action. The only way Defendants can vindicate themselves after Plaintiffs' five-year extortionate litigation campaign is for this action to proceed. Plaintiffs' prior two frivolous - and defamatory - actions have been dismissed, and Defendants are confident that Plaintiffs' remaining actions will meet the same fate. Plaintiffs' attempt at painting Defendant Sater as a violent and threatening criminal to delay serving a complaint in an action they so gleefully filed a year ago is despicable (a term Judge Glasser used to describe Plaintiffs' actions in a parallel litigation), but hardly surprising. Further, Plaintiffs' attempt to distract attention from the issue at hand – why should they not be required to file a complaint like every other litigant? – by citing three alleged, historical threats of violence by Sater (none of which even Plaintiffs contend have anything to do with this or any current lawsuit). To the extent the Court deems that relevant, the allegations are denied, and the Court should be aware that all the threats were alleged in lawsuits where Plaintiffs were attempting to extort money from Defendant Bayrock; none of the alleged threats were ever reported to the FBI or any other authority; Plaintiffs' counsel in this action also represented the plaintiffs in two of those actions and no doubt coached them on how to testify for a quick settlement; and Plaintiffs have known about these alleged threats for over 7 years without ever raising them

anywhere until they needed something here to again avoid filing the elusive complaint.[1]

Plaintiffs' real issue is the recent publicity that this action, Lauria's recent action against Plaintiff Kriss (*Lauria v. Kriss,* 152324/2014), and this Court's dismissal of *In re Gottdiener et al,* 13 cv 1824, have generated for them. It is an ironic turn of events. Plaintiffs were not complaining about a "public campaign" or bullying tactics when they were giving secret interviews to every media outlet that would listen to them, including but not limited to, *The New York Times, The Miami Herald, The Daily Beast, The New York Law Journal, The Real Deal,* and *The New York Post* in violation of numerous sealing orders issued by the Eastern District courts and the Second Circuit Court of Appeals. (*See, e.g.,* Exs. 1 through 9). Their go-to tactic has been to file a frivolous lawsuit; leak sealed information, which included classified matters of National Security, to the media while regally posing for pictures (*see e.g.,* Exs. 1 & 7); slander Defendants about a 20-year old crime (for which Defendants have paid their debt to society); and then wrap themselves in the First Amendment when questioned. For instance, after filing the complaint in *In re Gottdiener* (which this Court summarily dismissed at the pleading stage), they ran to *The New York Post* and publicly compared Defendants Sater and Lauria to "Madoff," the most notorious white-collar criminal ever. (*See* Ex. 8). Accordingly, for the past 4 years, it has been Sater and Lauria whose lives have been devastated by Plaintiffs' improper litigation tactics.

Ironically, generating front-page publicity for their lawsuits has been Plaintiffs' goal from the outset. In numerous correspondence, Plaintiffs made no secret of their plan to extort Defendants in *Kriss v. Bayrock Group, LLC et al.,* 10 cv 3959 ("Kriss I") and leak sealed information all over the world. The extortion began on May 12, 2010, when they threatened to publicly disclose sealed, and potentially life-threatening, information in the Kriss I complaint unless Defendants wrote a quick, but large, check. (*See* Ex. 10). Subsequently, in an October 18, 2010 letter, Plaintiffs demanded "$35 million…the least amount which Plaintiffs would be willing to accept for a quick settlement that avoids [further] <u>dissemination</u> [of sealed information]." (Ex. 11, fn.3). Shortly thereafter, they threatened that, if the action were not settled, it would be "on the front pages everywhere, including New York, Iceland, Turkey, and Kazakhstan, and all the other plaintiffs worldwide…[will] join the party." (Ex. 12). They reiterated that the action "will surely go viral. If you obstruct a settlement instead of helping get there, everything will go public with clockwork inevitability. This is not a threat, it is mathematics. And it is certain." (*Id.*). Now the case has gone "viral," just as Plaintiffs wanted and threatened. Accordingly, Plaintiffs cannot now complain about media attention <u>their</u> lawsuits have garnered, nor can they use it as a basis to delay filing their complaint.

Plaintiffs' admission that they may never file a complaint in this action is proof that they never intended to litigate this action. Instead, Plaintiffs want to maintain the status quo, where they are perpetually *about to sue* Defendants for $1 billion dollars; where there are no counterclaims asserted against them; where their claims cannot be subject to dismissal; where Plaintiffs have a forum to speak freely with the press, but their adversaries have none; where Plaintiffs' counsel can fire off false and malicious letters with no meaningful opportunity for adjudication; and above all, where they can continue to pressure deep-pocket defendants to offer a huge settlement to make everything go away. The Court should not allow Plaintiffs to maintain this absurd procedural posture, which is unprecedented in our federal court system, and should order them to file their complaint immediately or face dismissal with prejudice.

---

[1] In fact, it is Plaintiffs who disclosed Sater and Lauria's sealed information concerning their cooperation to an attorney who represented the very dangerous criminals they cooperated against. That is not a death threat; that is a death sentence.

Very truly yours,

Nader Mobargha
*Counsel for Defendants Felix Sater and Salvatore Lauria*

Cc: Frederick M. Oberlander & Richard E. Lerner
*Counsel for Plaintiffs*