LAW OFFICE OF FREDERICK M. OBERLANDER P.C.

**FREDERICK M. OBERLANDER**　　　　　　　　　　　　　　　　　　　28 SYCAMORE LANE (PO BOX 1870)
ATTORNEY-AT-LAW　　　　　　　　　　　　　　　　　　　　　　　　　　　MONTAUK, NEW YORK 11954
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE 212.826.0357
Fred55@aol.com　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX 212.202.7624

ECF Filing　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　May 5, 2014
Hon. Lorna G. Schofield　　　　　　　　　　　　　　　　　　　***Kriss v. Bayrock*** 18-CV-3905
U.S. District Court, SDNY
New York, New York 10007　　　　　　　　　　　　　　　re: Letter of Opposing Counsel ECF 57

Dear Judge Schofield:

　　　　By his letter, defendant Sater, a twice convicted felon, seeks to take further advantage of his, Lauria, Morbargha and Beys' witness tampering to prevent or distort the filing of Plaintiffs' complaint.

　　　　In their Motion for Reconsideration, Plainiffs have **sworn** that, faced with frightening threats to their safety and that of their families, coupled with unabashed public efforts to destroy their character and ability to earn a living, the form and substance of their complaint was unavoidably affected. Defendants' tampering has influenced the case in Plaintiffs' inability to file the complaint they want in fear of reprisal, and so has interfered with and corrupted the orderly administration of justice.

　　　　Sater, Lauria, Mobargha, and Beys stand accused of witness tampering. If this court does anything but adjudicate that *immediately*, including with evidentiary hearing, **it abdicates responsibility**. That language is harsh but correct: In the motion for reconsideration *sub judice*, Plaintiffs cited *Ty v. Softbelly's*, 353 F.3d 528 (7th Cir. 2003), holding that a judge *must* take up a charge of witness tampering immediately. To that Plaintiffs now add *Erickson v. Newmar Corp.*, 87 F.3d 298 (9th Cir. 1996), where the Ninth Circuit, voiding all subsequent trial proceedings as the tainted product of *per se* structural error due to the judge's failure to adjudicate pre-trial charges of witness tampering, called that failure no less than a breach of judicial duty and an **abdication of responsibility**.

　　　　Accordingly, Plaintiffs respectfully renew their request that this court halt Sater's efforts to corrupt the administration of justice so they may then thoroughly plead their case.

　　　　Tellingly, instead of forthrightly admitting or denying Plaintiffs' allegations of tampering – no doubt aware their denial would be separately prosecutable under 18 U.S.C. §1001 – Defendants prefer to engage in character assassination directed at counsel, seeking *ultra vires* procedural sanctions without following FRCP 7 or Local or Individual rules. Motions are made as motions, not diatribe. He can

follow procedure, to the extent he requests relief that's within the power of the court to grant (contrary to his letter, Sater is not entitled to his personal version of the rules of procedure: FRCP 4 allows 120 days from filing for service; FRCP 15 controls amendment; neither are subject to diminution).

The complaint was filed on paper, signed (it's not legal to file a first complaint by ECF), then emailed to the clerk for ECF as the rules require and as the clerk directed. There's no obligation to respond to merits or affirmative defenses now; they can assert preclusion or anything else by answer or 12(b)(6) coordinated by scheduling order with all other defendants lest they lose their rights to argue the same or we all relitigate *ad infinitum*. And there's been no finding by any court that Plaintiffs or counsel engaged in "misconduct" or violated decretal language of any lawful order of any judge; if counsel disagrees, let him produce a copy of it. And we object to rescheduling conference as we have federal appellate argument and other court dates here and abroad set between now and June 6.

---

As the complaint notes, Plaintiffs are in settlement talks with Akerman Senterfitt defendants pursuant to tolling agreement, and pre-service settlement is common, so any charge of delay is nonsense; indeed, *not* using FRCP 4 time for that is likely averse to settlement of what we remind the court is a class and derivative action. There *is* risk of delay, but not by Plaintiffs: It's risk that will mature if the court proceeds without adjudicating the tampering, as the tampering has *already* affected the case in Plaintiffs' inability to file the complaint they want and as in *Erickson* and *Ty* all that has happened and all that will, from that filing is and will have been structural error, *per se* violating due process.

---

The picture is clear. When Defendants think they can get away with it, they defy the law. If they know they can't, they'll think twice. We're entitled to hearings into obstruction, as is the public, as the court has a duty to the institution and the people at it serves. The hearing will establish multiple, prosecutable acts of obstruction and tampering and establish that the same laws apply to Sater *et al.* as to others, that you can't threaten to hurt people unless they drop their suits. Anything else is a defilement of the judicial system. We ask this court acknowledge and act on its duty to investigate it and realize the message it sends if instead of hearings on tampering it holds hearings on *ultra vires* sanctions without benefit of proper motion practice or, worse, simply grants them because Sater asked for them.

/s/ Frederick M. Oberlander                              /s/ Richard E. Lerner