USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                              :

JODY KRISS, et al.,                                  :

                                 Plaintiffs,   :

                                                  :              13 Civ. 03905 (LGS)

                   -against-                     :

                                                  :              <u>ORDER</u>

BAYROCK GROUP LLC, et al.,            :

                                 Defendants.  :

                                                   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

     At issue is Plaintiff's Amended Motion for Reconsideration of an April 17, 2014, Order. (Dkt. No. 59). The April 17 Order denied Plaintiffs' request to stay this action *sine die* and conduct an investigation into Plaintiffs' allegations of criminal misconduct by Defendants. (Dkt. No. 49). In the April 17 Order, the Court referred counsel to the appropriate authorities for any investigation and ordered Plaintiffs to file a complaint in this action no later than April 23, 2014. (Although the case was removed in June 2013, as of the April 17 Order, no complaint had yet been filed in federal or state court). On April 23, 2014, Plaintiffs filed the Class Action Complaint. (Dkt. No. 52). On May 2, 2014, Plaintiffs filed the instant motion and Defendants filed a letter raising certain issues with the Complaint. (Dkt. No. 58). On May 5, 2014, Plaintiffs filed a letter in further support of their motion for reconsideration. (Dkt. No. 60). The Court hereby denies Plaintiffs' motion for reconsideration, because they have not pointed to any authority compelling a different result.

     "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Both of the cases cited by Plaintiffs in support of their claim that the Court has a duty to investigate Defendants' alleged criminal misconduct are inapposite here. Both concern the trial court's responsibility to ensure a fair trial. *See Ty Inc. v. Softbelly's, Inc.*, 353 F.3d 528 (7th Cir. 2003) (reversing judgment for the plaintiff because *inter alia* the court did not permit cross-examination of a trial witness about whether he had caused an adverse witness to become unavailable; and reversing denial of the defendant's Rule 60(b)(3) motion to vacate the judgment on the basis of witness tampering where the district court did not hold a hearing to determine why the witness had become unavailable); *Erickson v. Newmar Corp.*, 87 F.3d 298 (9th Cir. 1996) (reversing judgment for the defendant and remanding for a new trial where the defense counsel had caused both adverse expert witnesses to become unavailable).

Here, the proceedings are at a very different stage. Before the April 17 Order, no complaint had yet been filed following the removal of the case from state court in June 2013, and Plaintiffs sought an indefinite stay of their obligation to file a complaint, pending an investigation to be conducted by the Court. At the pleadings stage, the court's role and responsibility is to ensure that the case is maintained only on the basis of a complaint that is sufficiently pleaded and states proper claims against the defendants. The court's role is not to become in effect prosecutor, grand jury and law enforcement to investigate Plaintiffs' claims of criminal misconduct by Defendants. Plaintiffs have cited no authority in this Circuit or elsewhere to suggest otherwise.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Reconsideration is **DENIED**. The Clerk of the Court is directed to close the motion at Docket Nos. 53 and 59.

Plaintiffs assert that the Complaint they filed to comply with the April 17 Order is not the complaint they would have filed, but for Defendants' alleged criminal misconduct. It is **ORDERED** that no later than **May 21, 2014**, Plaintiffs shall file either: (i) an amended complaint that Plaintiffs believe is sufficient for purposes of Rules 8 and 9(b) of the Federal Rules of Civil Procedure; or (ii) a letter advising the Court of their intent to stand by their currently operative Complaint at Docket No. 51.

It is further **ORDERED** that Defendants' application for the June 10, 2014, conference to be advanced to an earlier date is **DENIED**. Counsel are directed to confer with each other prior to the conference regarding each of the matters to be considered at a Fed. R. Civ. P. 16 conference. Additionally, in accordance with the Court's Individual Rules, the parties are hereby **ORDERED** to file via ECF a Joint Proposed Civil Case Management Plan and Scheduling Order in PDF format no later than **June 3, 2014**, using the form available at the Court's website (http://nysd.uscourts.gov/judge/Schofield).

The Court declines Plaintiffs' suggestion that it *sua sponte* recuse itself.

Dated: May 8, 2014
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE