June 3, 2014

The Hon. Lorna G. Schofield
Federal District Judge
Southern District of New York

Re Kriss v. Bayrock 13 cv 3905
    Status Conference Matters

We ask the court forgive the informality of this letter. Counsel has suffered a death in the family and the funeral is occurring as this is written. We will be shut for two days for bereavement but will amplify this letter by Friday at the latest, more formally. At the moment we have no access to a computer and may not be able to get this on ECF.

On April 23 counsel filed the initiating complaint in this matter, manually as per standing SDNY orders. It was subsequently put onto ECF and thus most defendants know of its filing and those who cared to could download it. Counsel for Sater and counsel for Bayrock absolutely do have a copy.

On May 21 counsel, pursuant to this courts directive, filed a superseding complaint.

That directive also ordered a status conference for June 10 and ordered a joint submission in respect thereof.

No defendant has been served. No defendant has made a general appearance (removal is a special, not a general appearance), and we have no evidence that any defendant has even made a special appearance since then other than "co-counsel" for Mr. Sater but even there its impossible to know who is his attorney of record. And in any event it is axiomatic that even a general appearance is not a waiver of service.

By itself that would make compliance with the pre conference directive effectively impossible, or very nearly so.

However, last week, on may 29, Magistrate Judge Maas ordered the April 23 complaint sealed entirely and further ordered us not to disseminate any information having anything much to do with Bayrock. Every expert to look at it concurs that that order is illegal and invalid both but nevertheless at this point today until that may be resolved we cannot meaningfully comply with any of the requests in the pro forma preconference order. Obviously for example we cannot describe the case, as is required, and obviously cannot do much of anything else again until the issue of that order is resolved.

Moreover we can do nothing with any new complaint either and note that we stamped it in pursuant to standing sdny rules but beyond that are stuck. We do note that Judge Maas said orders would be forthcoming as to that.

Given the above, any thought that there has been any bad faith is facially nonsensical. On that note it is equally nonsensical to ask, as counsel for Sater has said he will in a letter to us last Friday, that the court order we not be allowed to amend further, such order, aside from anything else, ultra vires as the court cannot suspend the federal rules of procedure which here provide for one coming amendment as of right and amendments thereafter freely as justice requires which in this circuit means that in the absence of futility or prejudice it is abuse of discretion not to allow.

But then they have also in the same letter to us last Friday said they both object to not having received the new pleading from us but at the same time have no intention of answering it other than by moving for sanctions even though, again, they admit they haven't seen it, nor can they.

Sincerely yours,

/s/ Richard E. Lerner
/s/ Frederick M. Oberlander

Counsels for Plaintiffs