# THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

28 SYCAMORE LANE (BOX 1870)　　　　　　　　　　　　　　　　　　　　　212.826.0357 TEL
MONTAUK, NEW YORK 11954　　　　　　　　　　　　　　　　　　　　　　212.202.7624 FAX
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FRED55@AOL.COM

June 6, 2014

The Hon. Lorna G. Schofield

United States Courthouse, SDNY　　　　　　　　　　*Kriss v. Bayrock* 13-cv-3905

New York, New York 1007　　　　　　　　　　**ECF 62 order re Status Conference**

Dear Judge Schofield:

We write to supplement our letter of June 3, 2014 on the same subject, *viz.* this court's order ECF 62 the parties were ordered to file via ECF a Joint Proposed Civil Case Management Plan and Scheduling Order in PDF format no later than June 3, 2014.

As previously stated, Magistrate Maas placed the initial complaint entirely under seal, has not yet directed the disposition of the substitute complaint stamped in on May 21 (which you referred to him), *and*, on the docket of *Kriss I*, 10-cv-3905, ordered plaintiffs not to "further disseminate" any "disputed information," which would appear to be pretty much everything that ever happened at Bayrock, at least into 2010, which is a significant part of the substitute complaint. **We can't meet and confer with persons who don't know why they're being sued and can't be told**.

Without challenging the validity or legality of these actions but assuming them for purposes of this letter to be both valid and legal, we frankly see no way to comply with ECF 62. As noted, no one has been

2

served, no one can be served, no one has generally appeared, and even if anyone had that does not waive service, and besides that there can be no meaningful agreement with anyone, let alone ECF disclosures of, the nature of the case, the claims, the amounts of damages demanded, how long discovery will take, who will make what motions, and so on, which makes scheduling simply impossible.

However, certain ministerial matters can be addressed, as we have on the next pages. Obviously these answers represent our position alone as they can't be meaningfully discussed with anyone in the context of a complaint or information associated therewith that we for now assume can't be discussed at all.

As we intend to both comply with other directives of the magistrate but also seek emergency stay on constitutional grounds as well as move pursuant to FRCP 59 for de novo consideration, which would have to be filed by June 12, we respectfully suggest the status conference be adjourned to the first reasonably available date immediately thereafter as there's not a lot else that can be done. **But respectfully please be very sure that not only are we not interested in delay we would be absolutely** *delighted* **to go into mutual discovery with all defendants tomorrow.**

Sincerely yours,

/s/ Frederick M. Oberlander

/s/ Richard E. Lerner for Appellant

Counsels

IT IS FURTHER ORDERED that included with the Proposed Civil Case Management Plan, the parties submit one copy of the parties' pleadings and a joint letter, not to exceed 5 pages, providing the following information in separate paragraphs:

(1)  A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

*Cannot be done for reasons previously stated.*

(2)  A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to statutes.

*Removed pursuant to §1442.*

(3)  A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications expected to be made at the conference;

*Motion for de novo review of magistrate order sealing complaint and to the extent such is deemed cross-docketed purporting to bar dissemination.*

*Motion for default in lieu of answer as sanction for witness tampering. The court is aware that from 7th and 9th Circuit authority that such sanctions may include striking pleadings as well as "lesser" papers so it cannot plausibly be that pre-answer papers cannot be stricken and accordingly barred a priori.*

(4)  A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(l));

*None has taken place. The Rest cannot be answered for reasons previously stated.*

(5)  A computation of each category of damages claimed, *see* FRCP 26(a)(1)(A)(iii);

*Cannot be done for reasons previously stated.*

(6)  A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

*None has taken place. Plaintiffs are willing. Defendants concededly cannot know whether or not they are willing unless such be categorical, for reasons previously stated.*

(7)  Any other information the parties believe may assist this Court in resolving the action.

4

**CIVIL CASE MANAGEMENT PLAN**

1. Plaintiffs do not consent to proceedings before a magistrate.

2. The parties have not conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

    c. A complex case, designated as such on the docket sheet, subject to the Case Management Techniques for Complex Cases? http://www.nysd.uscourts.gov/rules/Complex_Civil_Rules_Pilot.pdf.
    [Yes_____ / No_____]

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions have not taken place.

5. No additional parties may be joined after_____ without leave of Court.

    *Cannot be answered, at least by stipulation, at this stage for reasons previously stated.*

6. Amended pleadings may be filed without leave of Court until_____.

    *Cannot be answered, at least by stipulation, at this stage for reasons previously stated.*

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order.  *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

    *Cannot be answered, at least by stipulation, at this stage for reasons previously stated.*

8. Fact Discovery

    a. All fact discovery shall be completed no later than_____.
    *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by_____.

    c.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by _____.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____.

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____.

    f.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

***Cannot be answered, at least by stipulation, at this stage for reasons previously stated.***

9.    Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:
_____
_____

***Cannot be answered, at least by stipulation, at this stage for reasons previously stated.***

_____

    b.    All expert discovery shall be completed no later than. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> unless types of experts are identified.

***Cannot be answered, at least by stipulation, at this stage for reasons previously stated.***

    c.    By_____*[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden *of* proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

***Cannot be answered, at least by stipulation, at this stage for reasons previously stated.***

10. By_____ *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether they request a referral for settlement discussions as provided in Paragraph 4(c) above.

11. A Case Management Conference shall be held on_____ at_____ A.M. *[ordinarily 14 days after the close of discovery]*. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

    a. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

    b. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

12. This case **is** to be tried to a jury.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is\_\_.

    ***Cannot be answered, at least by stipulation, at this stage for reasons previously stated.***

14. A status conference will be held on *June 10, 2014 unless adjourned*.

15. The parties shall submit a status letter on_____.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    _____
    _____
    _____
    _____