

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

June 11, 2014

**BY ECF and FAX (212-805-6724)**
Hon. Frank Maas
U.S. Magistrate Judge
Southern District of New York
United States District Court
500 Pearl St.
New York, NY 10007-1312

      Re:    *Kriss, et al., v. Bayrock Group, LLC et al.*, 13 CV 3905 (LGS)

Dear Judge Maas:

      This firm is co-counsel to defendant Felix Sater in the above case commenced in 2013 ("*Kriss II*," as distinguished from the 2010 "*Kriss I*" case, 10 Civ. 3959). Our client has been a named defendant in this case for over one full year, but has not yet been able to move to dismiss due to the improper machinations of plaintiffs' counsel. We therefore write to request that the Court (i) order plaintiffs' counsel to immediately serve their existing amended complaint upon the undersigned and (ii) set a briefing schedule for defendant's motion to dismiss.

      We recount in this letter only the relevant facts necessary for this application, as we appreciate the Court's familiarity with much of the extensive history. This case was initiated by a "summons with notice" filed in New York State Supreme Court on or about May 10, 2013. The pleading (ECF No. 1 at 6 et seq.) purported to seek "perhaps a billion dollars or more" against more than 40 defendants (including Morgan Lewis & Bockius, Nixon Peabody, Satterlee Stephens, and Donald and Ivanka Trump) for (among many other things) "litigation fraud . . . mail fraud, . . . money laundering, human trafficking, child prostitution [and] statutory rape." The suit was removed to the Southern District (ECF No. 1) and Judge Schofield eventually directed that plaintiffs file a complaint by April 23, 2014 (ECF No. 49).

      On that date, plaintiffs filed a document entitled "Class Action Complaint" (ECF No. 51), which, as we pointed out to Judge Schofield (ECF No. 58) was nothing more than a rambling diatribe instead of a comprehensible legal pleading and did not even contain an *ad damnum* clause or identify any causes of action.. In response to our request that plaintiffs be required to amend the complaint or stand upon it so that we could move to dismiss (id.), plaintiffs complained to Judge Schofield that they were "[unable] to file the complaint they want" (ECF No. 60).

      On May 8, 2014, Judge Schofield directed that "no later than May 21, 2014, Plaintiffs shall file either (i) an amended complaint that Plaintiffs believe is sufficient for purposes of

**MOSES & SINGER LLP**

Hon. Frank Maas
June 11, 2014
Page 2

Rules 8 and 9(b) of the Federal Rules of Civil Procedure; or (ii) a letter advising the Court of their intent to stand by their currently operative Complaint at Docket No. 51" (ECF No. 62). On or about May 21, 2014, plaintiffs apparently sought to file an amended complaint under seal (see, e.g., ECF Nos. 66 and 67). They have admitted that the amended complaint is "quite large . . . [and] replicates extensive portions, several hundred paragraphs, of the First Amended Complaint in [*Kriss I*]" (ECF No. 67).

In written communications on May 23, 2014 and May 30, 2013, the undersigned (who filed a Notice of Appearance in this case on May 2, 2014 at ECF No. 56) requested a copy of the amended complaint from plaintiffs' lawyers, who have to date repeatedly refused to provide it. Plaintiffs' lawyers, through incomprehensible communications, appear to be taking the position that they are prohibited from doing so by Your Honor's May 29, 2014 order in *Kriss I* (ECF No. 68 in 10 Civ. 3959), notwithstanding that they have described that order as "illegal and invalid" (see ECF No. 73 as well as their unfiled letter dated June 3, 2014, a copy of which accompanies this letter). We disagree, but rather than arguing against that claim we simply request that Your Honor direct them to immediately serve their amended complaint.

We also respectfully request that Your Honor set a briefing schedule for the motion to dismiss we intend to make, once we have received and had the opportunity to review the amended complaint. Based at least upon the initial complaint filed in this matter and the history of related matters filed by these plaintiffs and their counsel, we expect to move on grounds including (but not limited to) prior pending action, failure to state a claim, and failure to comply with Rules 8 and 9(b) of the Federal Rules of Civil Procedure. We also anticipate moving for sanctions in that regard. We propose that the briefing schedule allow us to file our motions within 45 days after we receive the amended complaint. We also request that discovery be stayed until our client's motions to dismiss and for sanctions have been decided.

Under the circumstances, we do not believe that a Rule 16 conference is necessary at this time. Judge Schofield had previously scheduled such a conference for June 10, 2014 (ECF No. 52), but when we sought to confer with plaintiffs' counsel as required, they essentially refused to cooperate and we brought that to the attention of the judge (ECF No. 71). Thereafter in two orders dated June 6, 2014, Judge Schofield vacated the June 10 conference; referred the case to Your Honor for scheduling and other general pretrial matters; and noted that "Judge Maas may hold the Rule 16 conference at the time and in the manner that he sees fit." Of course, should Your Honor deem a conference appropriate, we are prepared to attend to make the same requests in person that are made in this letter. In that event we would ask the Court to set a conference for the earliest date possible.

Finally, we note that our requests herein are wholly independent of the current proceedings in *Kriss I*, where the Court has required a certain submission by plaintiffs' counsel on June 12th. Regardless of whatever may happen in that case, Mr. Sater has been sued by plaintiffs in <u>this</u> case as well, and -- unless plaintiffs dismiss it voluntarily, which they should but

1030884v1 014140.0100



undoubtedly will not do -- he is entitled to attack the pleading, (first, of course, we are absolutely entitled to see it ) and obtain a ruling on its legal sufficiency. Due process demands no less.

Your attention and consideration in this matter is greatly appreciated.

Respectfully,

Robert S. Wolf

encl.

cc (by ECF and fax w/encl):  Frederick M. Oberlander, Esq.
Richard E. Lerner, Esq.
Nader Mobargha, Esq.

1030884v1 014140.0100

June 3, 2014

The Hon. Lorna G. Schofield
Federal District Judge
Southern District of New York

Re Kriss v. Bayrock 13 cv 3905
   Status Conference Matters

We ask the court forgive the informality of this letter. Counsel has suffered a death in the family and the funeral is occurring as this is written. We will be shut for two days for bereavement but will amplify this letter by Friday at the latest, more formally. At the moment we have no access to a computer and may not be able to get this on ECF.

On April 23 counsel filed the initiating complaint in this matter, manually as per standing SDNY orders. It was subsequently put onto ECF and thus most defendants know of its filing and those who cared to could download it. Counsel for Sater and counsel for Bayrock absolutely do have a copy.

On May 21 counsel, pursuant to this courts directive, filed a superseding complaint.

That directive also ordered a status conference for June 10 and ordered a joint submission in respect thereof.

No defendant has been served. No defendant has made a general appearance (removal is a special, not a general appearance), and we have no evidence that any defendant has even made a special appearance since then other than "co-counsel" for Mr. Sater but even there its impossible to know who is his attorney of record. And in any event it is axiomatic that even a general appearance is not a waiver of service.

By itself that would make compliance with the pre conference directive effectively impossible, or very nearly so.

However, last week, on may 29, Magistrate Judge Maas ordered the April 23 complaint sealed entirely and further ordered us not to disseminate any information having anything much to do with Bayrock. Every expert to look at it concurs that that order is illegal and invalid both but nevertheless at this point today until that may be resolved we cannot meaningfully comply with any of the requests in the pro forma preconference order. Obviously for example we cannot describe the case, as is required, and obviously cannot do much of anything else again until the issue of that order is resolved.

Moreover we can do nothing with any new complaint either and note that we stamped it in pursuant to standing sdny rules but beyond that are stuck. We do note that Judge Maas said orders would be forthcoming as to that.

Given the above, any thought that there has been any bad faith is facially nonsensical. On that note it is equally nonsensical to ask, as counsel for Sater has said he will in a letter to us last Friday, that the court order we not be allowed to amend further, such order, aside from anything else, ultra vires as the court cannot suspend the federal rules of procedure which here provide for one coming amendment as of right and amendments thereafter freely as justice requires which in this circuit means that in the absence of futility or prejudice it is abuse of discretion not to allow.

But then they have also in the same letter to us last Friday said they both object to not having received the new pleading from us but at the same time have no intention of answering it other than by moving for sanctions even though, again, they admit they haven't seen it, nor can they.

Sincerely yours,

/s/ Richard E. Lerner
/s/ Frederick M. Oberlander

Counsels for Plaintiffs