UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J. KRISS and M. EJEKAM, alone and for
BAYROCK MERRIMAC LLC, BAYROCK
GROUP LLC, BAYROCK SPRING STREET
LLC, BAYROCK WHITESTONE LLC,
BAYROCK CAMELBACK LLC; and E/O
ERNEST GOTTDIENER, E/O JUDIT
GOTTDIENER, ERVIN TAUSKY and SUAN
INVESTMENTS,

                Plaintiffs,

-v-

BAYROCK GROUP LLC, TEVFIK ARIF,
JULIUS SCHWARZ, FELIX SATER, BRIAN
HALBERG, SALVATORE LAURIA, ALEX
SALOMON, JERRY WEINRICH, SALOMON &
CO. PC, AKERMAN SENTERFITT LLP,
MARTIN DOMB, CRAIG BROWN, DUVAL &
STACHENFELD LLP, BRUCE
STACHENFELD, DAVID GRANIN, NIXON
PEABODY LLP, ADAM GILBERT, ROBERTS
& HOLLAND LLP, ELLIOTT PISEM,
MICHAEL SAMUEL, MEL DOGAN,
BAYROCK SPRING STREET LLC, JOHN
DOES 1-100, BAYROCK WHITESTONE LLC,
BAYROCK CAMELBACK LLC, BAYROCK
MERRIMAC LLC, BAYROCK GROUP INC.,
TAMIR SAPIR, ALEX SAPIR, "SAPIR DOES"
1-100; WALTER SAURACK, SATTERLEE
STEPHENS BURKE & BURKE LLP, KELLY
MOORE, MORGAN LEWIS & BROCKIUS LLP;
NADER MOBARGHA; MICHAEL BEYS, BEYS
STEIN & MOBARGHA LLP, ISTAL
FINANCIAL, "LENDER INVESTOR DOES" 1-
100; and NATIONAL UNION FIRE
INSURANCE CO. OF PITTSBURGH, PA.,

                Defendants.

**Docket No. 13-CV-3905 (LGF)**

### DEFENDANT SATER'S RESPONSE TO PLAINTIFFS' MOTION FOR RELIEF FROM MAGISTRATE'S SEALING ORDER

Pursuant to the Court's order dated June 16, 2014 (ECF No. 79), defendant Felix Sater respectfully submits this response to that portion of plaintiffs' "Motion for Relief From Certain

1032036v1  014140.0100

Aspects of Magistrate's Non-Dispositive Pre-Trial Order" that concerns this case and this defendant. The Magistrate Judge's Order referred to is ECF No. 68 in the companion case, 10 Civ. 3959 (*Kriss v. Bayrock Group, et al.*), referred to below as "*Kriss I*," at page 21.

### Preliminary Statement

The order appealed from simply directed the clerk to seal the complaint in this matter pending resolution of various issues surrounding the complaint in *Kriss I*. Because plaintiffs' lawyers have indefensibly not allowed defendant's lawyers to see their purported amended complaint in this matter – an untenable situation which we trust the courts will remedy forthwith – it is somewhat difficult to address this issue fully at this time. Nonetheless, because plaintiffs' lawyers admit that the amended complaint in this case "replicates extensive portions, several hundred paragraphs, of the [operative] Complaint in [*Kriss I*]," it seems sensible to seal the operative pleading in this matter for as long as the operative pleading in *Kriss I* is also sealed for the reasons stated by Magistrate Judge Maas, or at least until we and the courts are able to more specifically address the contents of the pleading in this case.

### Brief Summary
### of Relevant Procedural History
### in This Case

Because the Court is fully aware of the tortured history of this and related matters, we summarize only briefly here.

Defendant Sater has been a named defendant in this case for over one full year, but has not yet been able to move to dismiss due to the improper machinations of plaintiffs' counsel. The case was initiated by a "summons with notice" filed in New York State Supreme Court on or about May 10, 2013. The pleading (ECF No. 1 at 6 et seq.) purported to seek "perhaps a billion dollars or more" against more than 40 defendants (including Morgan Lewis & Bockius, Nixon Peabody, Satterlee Stephens, and Donald and Ivanka Trump) for (among many other things)

"litigation fraud . . . mail fraud, . . . money laundering, human trafficking, child prostitution [and] statutory rape."  The suit was removed to the Southern District (ECF No. 1) and Judge Schofield eventually directed that plaintiffs file a complaint by April 23, 2014 (ECF No. 49).

On that date, plaintiffs filed a document entitled "Class Action Complaint" (ECF No. 51), which, as we pointed out in ECF No. 58, was nothing more than a rambling diatribe instead of a comprehensible legal pleading.  Indeed, it did not even contain an *ad damnum* clause or identify any causes of action.  In response to defendant Sater's request that plaintiffs be required to amend the complaint or stand upon it so that we could move to dismiss (id.), plaintiffs complained to the Court that they were "[unable] to file the complaint they want" (ECF No. 60).

On May 8, 2014, Judge Schofield directed that "no later than May 21, 2014, Plaintiffs shall file either (i) an amended complaint that Plaintiffs believe is sufficient for purposes of Rules 8 and 9(b) of the Federal Rules of Civil Procedure; or (ii) a letter advising the Court of their intent to stand by their currently operative Complaint at Docket No. 51" (ECF No. 62).  On or about May 21, 2014, plaintiffs apparently sought to file an amended complaint under seal (see, e.g., ECF Nos. 66 and 67).  They readily admit that the amended complaint is "quite large . . . [and] replicates extensive portions, several hundred paragraphs, of the First Amended Complaint in [*Kriss I*]" (ECF No. 67).

In written communications on May 23, 2014 and May 30, 2013, defendant Sater's undersigned co-counsel (who filed a Notice of Appearance in this case on May 2, 2014 at ECF No. 56) requested a copy of the amended complaint from plaintiffs' lawyers, who have to date repeatedly refused to provide it.  Plaintiffs' lawyers, through incomprehensible communications, appear to be taking the position that they are prohibited from doing so by Magistrate Judge Maas's May 29, 2014 order in *Kriss I* (ECF No. 68 in 10 Civ. 3959), notwithstanding that they have described that order as "illegal and invalid" (see ECF No. 73 as well as their unfiled letter

to the Court dated June 3, 2014[1]). We disagree, but have simply requested (in ECF No. 76) that Magistrate Judge Maas (to whom Judge Schofield, in ECF No. 74, referred the matter for general pretrial matters), direct them to immediately serve their amended complaint. That request, although unopposed to date in any filing or correspondence to the Court, remains pending.

**The Pending Application
By the Bayrock Defendants
as it Relates to This Case**

Various applications are pending by the so-called "Bayrock Defendants" in the *Kriss I* matter, as discussed by Magistrate Judge Maas in his May 29th Memorandum Order and Decision (ECF No. 68 in *Kriss I*). As a result of those pending applications, Bayrock's counsel wrote to Judge Schofield on May 12, 2014 (Ex. B to the accompanying Wolf Transmittal Affidavit), referring to the initial complaint in *Kriss II* (since superseded by the amended complaint that we have not seen), as follows:

> The complaint in [*Kriss II*] includes specific references to attorney-client communications between Bayrock and outside counsel. . . . The same improper disclosures in [*Kriss I*] were sealed and are the subject of [an] application by Bayrock before Judge Maas to strike the material, for sanctions for its use, . . . and for other relief. . . . Consistent with the Court's prior directives regarding the pleadings [in *Kriss I*], Bayrock respectfully requests that the Court direct that the complaint in [*Kriss II*] also be removed from the ECF system and that plaintiffs and their counsel be ordered to strike all references to Bayrock's privileged and confidential information in the complaint pending adjudication of the existing motion regarding the protection of Bayrock's privileged information.

Judge Schofield referred that request to Magistrate Judge Maas on May 13, 2014 (ECF No. 63 in *Kriss II*).

**The Magistrate Judge's Ruling
as it Relates to This Case**

In his May 29 Memorandum Order and Decision being appealed from, Magistrate Judge Maas ruled as follows with regard to that request:

---

[1] That letter is annexed to the accompanying transmittal affidavit of Robert S. Wolf as Exhibit A.

> On May 13, 2014, Judge Schofield referred the matter of <u>Kriss v. Bayrock,</u> No. 13 Civ. 3905, to me to resolve a dispute raised in Bayrock's letter dated May 12, 2014. . . . That dispute is the same as the dispute here: the Bayrock defendants have asked the Court to remove the complaint in that action from the ECF system and to strike all references to privileged and confidential material therein. . . . Because the issues in this motion remain unresolved, the Clerk of the Court will be directed, in a separate order, to seal the complaint in 13 Civ. 3905. . . . Judge Schofield also has referred that case to me to resolve the issues raised by the Plaintiffs' letter dated May 22, 2014. This sealing order will resolve those issues as well.

(ECF No. 68 in *Kriss I* at 21 & n.4) The Magistrate Judge's reference to "Plaintiffs' letter dated May 22, 2014 [ECF No. 67 in *Kriss II*]" concerned the amended complaint, which, again, defendants have not yet seen and which plaintiffs claimed in their letter to have attempted to file under seal. Thus, the net effect of the Magistrate Judge's ruling is to authorize the sealing of that amended complaint.

### Plaintiffs' "Motion for Relief" as it Relates to This Case

Under the heading "Relief Requested," plaintiffs write, "As to that part of the Order running to *Kriss II*, . . . plaintiffs seek vacatur and remand for proceedings consistent with the First Amendment" (ECF No. 77 in *Kriss II* at 3). Their apparent position is that the amended complaint in *Kriss II* should not be sealed.

### Defendant Sater's Position

As noted above, it is difficult to address a pleading that one has not seen. Nonetheless, plaintiffs' lawyers admit that the amended complaint in this case "replicates extensive portions, several hundred paragraphs, of the [operative] Complaint in [*Kriss I*]" (ECF No. 67 in *Kriss II*). Thus, until the dispute concerning the treatment of the complaint in *Kriss I* is resolved, and for as long as the operative pleading in that case remains sealed, for the reasons previously stated by Magistrate Judge Mass, the amended complaint in this case should remain sealed as well.

Once defendant Sater and his lawyers have been able to review the amended complaint, he intends to move to dismiss it on grounds including prior pending action and failure to state a

claim, and to seek sanctions as well.  He of course reserves the right to seek other relief after the pleading has been made available, but does not at this time anticipate that unsealing the pleading, at any time, will be appropriate.  However, all of that is for down the road after the fundamental step of allowing defendant to see the complaint against him is completed.

Dated: June 23, 2014

                    Respectfully submitted,

**MOSES & SINGER LLP**
*Attorneys for Defendant Felix Sater*

By: _____
    Robert S. Wolf
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 554-7800

**BEYS STEIN MOBARGHA**
**& BERLAND LLP**
*Attorneys for Defendant Felix Sater*
Nader Mobargha, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (646) 755-3600