LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.

**FREDERICK M. OBERLANDER**
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.03
FAX 212.202.7624

June 24, 2013

Hon. Lorna G. Schofield
U.S. District Judge, SDNY
New York, New York 10007

**Kriss v. Bayrock, 10-cv-3959**
**Kriss v. Bayrock, 13-cv-3905**

Dear Judge Schofield:

Re: Proposed Expedited Scheduling of Reply Papers:

Counsel for defendant Sater regrettably burdens the court with a frivolous and vexatious letter accusing plaintiffs of abuse of process for exercising the right to reply in support of their motion. We apologize for having to waste the court's time further in responding to it, as professionally we must.

On June 12, 2014, pursuant to Rule 72, plaintiffs timely filed a motion (petition) for relief from a non-dispositive magistrate's order, ECF 73 (ECF 77 on 13-3905). Pursuant to Rule 7, such request for an order modifying or setting aside (or for any order) must be made in the form of a motion.

> Pursuant to Local Rule 6.1(d):
>
> On all civil motions, petitions, and applications…(1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers, and (3) **any reply affidavits and memoranda of law shall be served within seven days after service of the answering papers.**
>
> Pursuant to Individual Rule III(B)(1):
>
> Memoranda of Law. All written motions and cross-motions shall be accompanied by a memorandum of law…memoranda of law in support of and in opposition to motions are limited to 25 pages, and **reply memoranda are limited to 10 pages.**

Nowhere in the above is a requirement that a movant seek leave to file reply papers for a Rule 72 motion or any other type of motion (except in Individual Rules as to motions for reconsideration).

Moreover, while plaintiffs advised the court that they intended to move for expedited briefing, they never did because the court ordered the defendants to brief in faster than normal time (by a few days). However, the court never said anything about reply papers, which can only mean that they would be subject to the normal 7-day rule, and so accordingly to keep to the expedited nature of the request we offered to submit them on an expedited basis. We are again, respectfully, aware of no standing order or Individual Rule or Local Rule that requires motion for leave to reply.

(Had there been such a rule we would have requested leave to reply for purposes, *inter alia*, not only in general to respond to new argument but in specific to correct the Bayrock defendants' mis-citation of a case, a case they claim confirms the authority of a court to enjoin without proper process extra-judicial speech as to information obtained extra-judicially when in fact the case they cite says (in a paragraph they strategically omit from their block quote) the opposite, that there is no such authority. And we would have requested it to reply, *inter alia*, to Sater's misstatement of facts and record.)

\*\*\*\*\*

We wasted an hour of time on our response to their letter, which wasted their time, their client's money, and this court's time, and based on their letter now must request confirmation this court isn't entertaining Sater's request to compel service as it gave up jurisdiction by its referral to Magistrate Maas. We respectfully suggest this vexatiousness might be stopped if the court adopts the approach of Judge McMahon, who endorsed a letter asking for *vacatur*, 12-cv-4624 ECF 5, by Goodwin Procter with the note, "I do not do motions by letter. All issues in this letter need to be the subject of a MOTION."



/s/ Frederick M. Oberlander
/s/ Richard E. Lerner