UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J. KRISS et al.<br>*Plaintiffs*<br><br>vs.<br><br>BAYROCK GROUP LLC et al.<br>*Defendants* | 13-CV-3905 (LGS-FM)<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SATER'S "LETTER REQUEST," ECF 76, FOR SERVICE OF COMPLAINT**<br><br>**AFFIRMATION AND MEMORANDUM OF LAW** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT SATER'S REQUEST THAT HE, AND ONLY HE, BE SERVED AND ALLOWED TO FILE DISPOSITIVE MOTION**

**---**

**AFFIRMATION AND MEMORANDUM OF LAW**

**---**

**REQUEST FOR CLARIFICATION AS TO FURTHER AMENDMENT (SEE PAGE 5)**

**FREDERICK M. OBERLANDER**
**LAW OFFICE OF FREDERICK M. OBERLANDER, PC**
28 Sycamore Lane (Post Office Box 1870)
Montauk, New York 11954
Telephone:   (212) 826-0357
Facsimile:    (212) 202-7624
Email:         fred55@aol.com

*Counsel for Plaintiffs*

**RICHARD E. LERNER**
**LAW OFFICE OF RICHARD E. LERNER, PC**
501 Fifth Avenue, Suite 300
New York, NY 10017
Telephone:   (917) 584-4864
Facsimile:    (347) 824-2006
Email:         richardlerner@msn.com

*Co-Counsel for Plaintiffs*

## Summary

By **letter** of June 11, 2014, ECF 76, named defendant Felix Sater through counsel Robert Wolf requested that this court issue an order directing that the class action complaint herein be served upon his client – and **apparently** only his client – and that the court set a briefing schedule for his client – and again apparently only his client – for a motion to dismiss. Plaintiffs hereby oppose, as:

(1) The **letter**, requesting the court issue an order, is defective in form so must be ignored: FRCP 7 mandates any request for an order be made by motion;

Alternatively, if the court deems the letter to be a motion, defendant must stand on it, and as it lacks both memorandum of law (and cites no authority in any event) and affirmation or affidavit it must be taken as it is without opportunity to cure by supplying either on reply, if any.

(2) Defendant lacks standing to seek relief because he hasn't been served with a summons in this case, hasn't waived service (which is discretionary with plaintiffs in any event), and wasn't served in the state court proceeding.

(3) The complaint can't be filed without a written docketed sealing order.

(4) FRCP (4) provides a 120-day period for service which the court cannot foreshorten (and which doesn't expire until August), and provides that the court cannot in any event order service until expiration of that period.

(5) The prior restraint issued by this court on May 29, 2014 as ECF 68 facially prohibits further dissemination and thus facially prohibits service.

(6) If it doesn't prohibit service, presumably the court must issue a standing order for the case that all those served are prohibited from dissemination.

(7) There is no authority in for a court to order that service **must** be made on one defendant but **can't** be made on others, especially here where all defendants already have all the "disputed" information, nor is there ground to allow one defendant to move dispositively while others must wait (and in any event dispositive motion practice outside the scope of reference).

(8) As Judge Chapman has only recently held in the Lehman brothers bankruptcy, in class actions – and this is a class action – the class certification process must be completed before any merits process begins.

**(1)  MR. SATER'S "LETTER REQUEST" IS NOT IN THE FORM OF A MOTION SO MUST BE DISREGARDED OR TAKEN AS IS WITHOUT CORRECTION ON REPLY**

FRCP 7(b) provides, "A request for a court order must be made by motion." SDNY Local Rule 7.1(d) permits letter motions, but only for such matters as allowed by ECF rules on letter motions or a judge's individual rules on letter motions. ECF rules for letter motions restrict letter motions to a specified list[1] which does not include the relief requested by Mr. Sater. Your Honor's individual rules do not themselves allow letter motions, and Judge Schofield's allow only those the ECF rules do.

Accordingly, and *a fortiori* as it doesn't even attempt to look like a motion, as it cites no authority and contains no sworn proffer or affirmation, Mr. Sater's "letter request" is simply non-cognizable and must be ignored or, equivalently, summarily denied.

This isn't the first time a defendant has tried this. The transcript of the September 11, 2013 procedural conference before Your Honor reflects this colloquy:

| | |
|---|---|
| MR. OBERLANDER: | [W]e have objected to the idea of asking for Article III relief in the form of unsworn letters written "disqualify him; he's a thief." "No, he's a thief." That things should be done by formal motion practice. So we don't believe that there is actually any real motion before anybody anywhere. |
| THE COURT: | I agree. (Sept. 11, 2013 transcript, at p.9). |

Alternatively, if the court should accept their request despite its improper form and consider it as a motion, then it must be taken as it stands, devoid of memorandum of law or affirmation, and without the opportunity to supply same on reply to cure such defect.

---

[1] Motion to Adjourn Conference, Motion to Change Attorney Name on Roll, Motion for Conference, Motion for Local Rule 37.2 Conference, Motion for Extension of Time, Motion for Extension of Time re Transcript, Motion for Extension of Time to Amend, Motion for Extension of Time to Complete Discovery, Motion for Extension of Time to Answer, Motion for Extension of Time to File Document, Motion for Extension of Time to File Response/Reply, Motion for Leave to File Excess Pages, Motion to Reopen Case.

### (2)  MR. SATER IS NOT A PARTY TO THE CASE AND SO LACKS STANDING TO REQUEST ANY FORM OF RELIEF

This case was removed from New York State Supreme Court pursuant to 28 USC §1442. At the time of removal, the case had been initiated by the filing of a summons with notice, and importantly, there was no complaint in the matter, and no one had been served or appeared[2] there.

Accordingly, this case came to this court with no pleading and no one having been served, in other words with no pleading or parties. And as plaintiffs moved for remand, and properly – and with the acquiescence of Judge Schofield, insofar as this was set forth in plaintiff's remand papers – did not file a complaint while that motion was *sub judice* (and they could not, because doing so would be acquiescence to this court's jurisdiction and so a waiver of remand), and so of course did not have any summonses issue, or serve any, because they could not, not only for the same waiver reasons but also because FRCP 4(b) only permits issuance of a summons "on or after filing the complaint."

(Also note that the Supreme Court has held that merely obtaining the removal from state court into federal court does not, in the absence of service of process, make the removing defendant in state court a party in federal court, notwithstanding that the court upon removal would in other respects have jurisdiction of the suit. See *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 376 (1937).

And plaintiffs have not requested a waiver (and it is entirely within their discretion to refrain from doing so; for one thing, were they to request a waiver and have same accepted, then the defendant would have at least 60 days to answer, FRCP 4(d)(3), and plaintiffs, as master of their own case, cannot have this forced upon them.

Therefore, while an initiating complaint was timely filed on April 23, 2014, ECF 51, and while he is a named defendant in it, Mr. Sater is not yet a party here and has no standing to seek relief.

---

[2] CPLR 320, which governs appearances, provides that only an answer or a motion to extend time constitutes an appearance.

### (3)  The Substitute Complaint Cannot Be Filed Without a Written, Signed, Docketed Order

### (4)  FRCP (4) Gives a 120-day Time to Serve Which the court cannot shorten and the court cannot order service until expiration Thereof.

**The Initiating Complaint**

As noted, the initiating complaint was timely and properly filed on April 23, 2014. That is, it was filed **manually**, in person at the clerk's office, as the rules require, and the clerk herself uploaded it onto PACER, as ECF 51[3]. Except as provided below, this means plaintiffs enjoy a quasi-statutory right to a 120-day period ending August 21, 2014 in which to serve the summons and complaint[4].

**The (Alleged) Witness Tampering**

However, that initiating complaint was not the complaint plaintiffs intended to file. Because of witness tampering by Mr. Sater and his counsels (insofar as we know this does **not** include Mr. Wolff) well documented on this docket, see ECF 53[5], and their threats against plaintiffs Kriss and Ejekam, plaintiffs could not, in understandable fear for their safety, file as they intended and requested relief from Judge Schofield.

**Judge Schofield Allows an Additional Amendment**

While Judge Schofield declined to hold hearings into the matter, by order of May 8, 2014, ECF 62, she did offer plaintiffs the opportunity to "file the complaint they originally intended to" so long as they did so by May 21, 2014, or else they would for the time being have to stand on what they had initially filed.

---

[3] That complaint was subsequently ordered under seal by Your Honor on May 30, 2014, which order is the subject of an FRCP 72 motion for relief *sub judice* before Judge Schofield.

[4] FRCP 4(m) provides that a plaintiff has 120 days to serve a summons, which must be accompanied by a copy of the complaint, beginning with the "commencement of the action." FRCP 3 provides that a civil action is commenced by filing a complaint with the court.

[5] Notwithstanding Judge Schofield's order that they respond to plaintiffs' accusations, neither Mr. Sater nor counsels ever denied one single allegation of witness tampering. **Not a one.**

(No other interpretation is possible, for if Judge Schofield's order were to be read as dictating that plaintiffs must consume their "free" amendment as of right pursuant to FRCP 15 within that time period or forfeit it, such an order would be void (and even if not, a *per se* abuse of discretion), as it would eliminate plaintiff's quasi-statutory FRCP 15 right to amend as a matter of course, e.g. within 21 days of a responsive pleading, which, respectfully, no judge may do[6] and which would reward defendants for their **undenied** acts of witness tampering and obstruction.) Arguably then, this "extra" amendment, producing the first time the initiating complaint **as intended** was filed, makes the 120-day clock start with **its** filing, though we do not press the point at this time, rather we reserve it.

**Request for Clarification**

To avoid prejudice, and as Mr. Sater has notified Judge Schofield of his desire to have her order no further amendments may be made to the complaint (obviously no such order came or could come insofar as even if plaintiffs had consumed their "free" amendment the right to obtain leave to amend further cannot be denied other than for good cause such as prejudice, futility, or bad faith and willful delay, **plaintiffs ask this court confirm that the amendment provided by Judge Schofield is not to be counted against the amendments allowed by FRCP 15 but rather is an equitable remedy of an additional "bite at the apple" to compensate for the witness tampering**.

**Filing Is in Limbo**

Plaintiffs represent that this complaint, which they deem a substitute complaint but here denote a First Amended Complaint so long as it's clear it's not one that consumes the of right amendment of FRCP 15, contains portions of the FAC in 10-CV_3959 ("Kriss I"), which is under seal.

**Plaintiffs Stand on Their Right to 120 Days to Serve**

Plaintiffs assert and do not waive their right to use the 120 day period to effectuate service as best they see fit, including to continue settlement negotiations just underway with one defendant.

---

[6] 28 USC §2017 and FRCP 83 prohibit judges and lower courts from implementing rules, orders, or procedures in derogation of the rights provided by*, inter alia*, the Rules.

(5) THE PRIOR RESTRAINT ISSUED ON MAY 29, 2014, ECF 68, FACIALLY PROHIBITS FURTHER DISSEMINATION AND THUS FACIALLY PROHIBITS SERVICE.

(6) IF IT DOESN'T, PRESUMABLY THE COURT MUST ISSUE A STANDING ORDER FOR THE THAT ALL THOSE SERVED ARE PROHIBITED FROM DISSEMINATION.

(7) THERE IS NO AUTHORITY TO ORDER SERVICE MUST BE MADE ON ONE DEFENDANT BUT CAN'T BE MADE ON OTHERS, ESPECIALLY HERE WHERE ALL DEFEND-ANTS ALREADY HAVE ALL THE "DISPUTED" INFOR-MATION, NOR IS THERE GROUND TO ALLOW ONE DE-FENDANT TO MOVE DISPOSITIVELY WHILE OTHERS MUST WAIT (AND IN ANY EVENT DISPOSITIVE MOTION PRACTICE OUTSIDE THE SCOPE OF REFERENCE).

This court issued a prior restraint on May 29, 2014, the Court stating: "The Plaintiffs are … directed not to disseminate further the contested information." (Order of the Hon. Frank Maas, May 29, 2014, at p.14). While the issues of its legality and validity are *sub judice* before Judge Schofield and thus removed from this court's jurisdiction, we may observe the following:

Facially, serving any defendant with a copy of the FAC complaint here without further order allowing such service – which order would presumably be a standing order that prohibits all persons served from disseminating and requires service of same to accompany service of the summons and complaint) could be construed as a violation of this order.

On the other hand, if it is not a violation of that order (and we don't see how it could not be, unless it's because all, or almost all, of the defendants already have all the "disputed information" it contains because it's a copy of the same information in the Kriss I FAC which is a copy of the same information in the Kriss I initiating complaint which as a matter of record has been distributed years ago to almost every defendant), then we need to be assured of that before we serve (but of course will still reserve our right to use the 120 days as we see fit, *supra*.).

Next, while it's impossible to be sure this is exactly what Mr. Sater is seeking, there is nothing in the history of this case and no authority whatsoever (obviously so, as he cites none) by

which Mr. Sater can seek an order directing that only he, and no one else, be served, or that he, and no one else, benefit from a "private" scheduling order for dispositive motions.

Admittedly, it's hard to tell, for in one paragraph he asks that plaintiffs be ordered "to serve" the FAC, and of course if he has no standing to ask for an order directing them to serve him (and even if he does) he certainly has no standing to ask for an order directing plaintiffs to serve everyone else including those defendants with whom plaintiffs are or may be in negotiation…

But in a following paragraph he asks for a scheduling order personal to him, one whereby "he" may make dispositive motions.

Plaintiffs have a First Amendment right – viz., the right to petition for redress of grievances – as has come to be known under the name Noerr Pennington (in caselaw), and that includes the right to sue all of the named defendants. It would appear that the ulterior motive of Mr. Sater is to keep the complaint herein under seal, while moving to dismiss, hoping that it will be granted in its entirety and that an order will be issued keeping the complaint under seal forever.

Of course if it is not Mr. Sater's motive, then there should be no objection to allowing **all** of the named defendants to be served with process (within 120 days of the date the action was "commenced," and scheduling coordinated dispositive motion practice for all defendants, as any order that bars serving the summons and complaint on anyone other than Mr. Sater would constitutes clear interference with plaintiffs' First Amendment rights.

(And the other defendants have the right to create their own appellate record, and make their own arguments. Suppose Mr. Sater were to move to dismiss by himself and lose. We presume the court would not accept the notion that Mr. Sater's motion would speak for all defendants, for such acceptance would mean that the court had pre-judged the merits of causes of action which it has not even evaluated. The orderly administration of justice requires, particularly since this is a class action, that all defendants be served, and a scheduling order then be issued with respect to the necessary motion for class certification, and subsequent motions to dismiss.)

### (8)  THIS IS A CLASS ACTION, AND THE CERTIFICATION PROCESS MUST BE COMPLETED BEFORE ANY MERITS ADJUDICATION

The putative class of victim defendants must have their rights determined in accordance with Federal Rule of Civil Procedure 23 prior to the determination of any motion to dismiss.

Just weeks ago, on May 14, 2014, in *In re Lehman Brothers Holdings Inc. et al.*, 08-13555 (U.S. Bankruptcy Court SDNY), where a dissident group of defendants insisted on charting their own course and having a separately scheduled order for dispositive motions rather than conform to the scheduling order for all the other defendants, Judge Chapman sided with the Lehman debtors, ruling that the issue of class certification, not the filing of dispositive motions, must comprise the first phase of litigation, as the work of adjudicating the motions first would "bog down" the entire process.

And relatedly, as stated in *Blagman v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 71280 (SDNY 2013): (citations and internal punctuation omitted)

> [D]ismissing class allegations on a motion to dismiss would preempt the opportunity for discovery which is better suited for development of Plaintiff's claims, which is disfavored, since as a practical matter, the court's certification decision usually should be predicated on more information than the complaint itself affords. Dismissal of class allegations at the pleading stage should be done rarely, as the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery. At this stage, the motion to dismiss the class action complaint is DENIED without prejudice to renew…

Likewise, in *Ernst v. Bank of America Corp.*, 2012 U.S. Dist. LEXIS 179196 (S.D. California 2012), the California district court deemed a pre-certification motion to dismiss to be premature.

> Notwithstanding the challenges confronted by Plaintiff to establish the appropriateness of class action treatment of his claims, the court presently declines to reach the arguments raised by [defendant Bank of America  Corp.] The arguments raised are better addressed after the parties conduct class discovery and in connection with a motion for class certification. *Connelly v. Hilton Grant Vacations Co., LLC*, 2012 U.S. Dist. LEXIS 81332, 2012 WL 2129364 at *3 (S.D. Cal. 2012)  [*16] (explaining that Rule 23 requirements typically should not be examined on motion to dismiss); *Kazemi v. Payless Shoesource, Inc.*, 2010 U.S. Dist. LEXIS 27666, 2010 WL 963225 at *2 (N.D. Cal. 2010) (noting that class action allegations are only stricken

in rare cases where the complaint demonstrates that class action requirements cannot be met); *Lyons v. Bank of America*, 2011 U.S. Dist. LEXIS 145176 at *19-20 (N.D. Cal. 2011) ("The granting of motions to strike class allegations before discovery and in advance of a motion for class certification is rare."). Accordingly, the court presently declines to address this motion and therefore denies the motion to strike or dismiss the class allegations as moot. Plaintiff is instructed to move for class certification within 90 days of entry of this order.

**\*\*\*\*\***

Wherefore, plaintiffs seek all relief previously requested, including denial of the relief requested by Mr. Sater's request (assuming it is not first disregarded as void as to form), and request clarification of the amendment status pursuant to Judge Schofield's offer of amendment on May 8, 2014, ECF 62, as set forth hereinabove on page 5.

The undersigned certify on penalty of perjury pursuant to 28 USC §1746 that all facts alleged herein are true and correct to the best of their knowledge.

Dated June 25, 2014

**THE LAW OFFICE OF FREDERICK M. OBERLANDER P.C.**

/s/ Frederick M. Oberlander
*Attorneys for Plaintiffs*

Post Office Box 1870
28 Sycamore Lane
Montauk, NY 11954
212.826.0357  Tel.
212.202.7624  Fax.
fred55@aol.com

**THE LAW OFFICE OF RICHARD E. LENER P.C.**

/s/ Richard E. Lerner
*Of Counsel*