# FREDERICK M. OBERLANDER, ESQ.

28 SYCAMORE LANE, MONTAUK, NY                                    212.826.0257 PH - 212.202.7624 FX

July 1, 2014

Hon. Lorna G. Schofield
U.S. District Judge, SDNY

Re: Bayrock 06.30.14 letter objecting to contents of ECF 83

Dear Judge Schofield:                                            *Kriss v. Bayrock*, 13-CV-3905

We assure the court we're tired of this too, but while Bayrock and Sater litigate by pounding on us daily (even though such letter motions are prohibited), we must respond to protect our clients.

Plaintiffs asserted the right to demonstratively rebut opposing counsel's representation to the court in his opposition papers that the *Kriss II* complaint is not publicly available at *RecapTheLaw.com*. Plaintiffs further assert the right to use the publicly available documents and object to removal of their exhibits on ECF 83, which prove the complaint may be thence publicly accessed, Ex. 1, and include a copy of the complaint from that public source. Ex. 3. There is no lawful basis to remove from a public docket relevant filings that are public. The court has no interest in keeping the public from accessing what it already has access to or barring plaintiffs from litigating in public with what's already there:

> [T]he information sought to be redacted has already been disclosed… [T]here is no longer a favorable *presumption* of public access; rather, there *is* public access…parties did not cite to, nor has the Court found, any [authority] that references the sealing of information that has already been disclosed…*TriQuint,* 2012 US Dist. LEXIS 58227. We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again. *Gambale*, 377 F.3d 133 (CA2 2004)

The complaint alleges that secretly convicted RICO felon Sater used Bayrock to commit billions of dollars of fraud by concealing his conviction, as he admitted at his sentencing, and to launder money to hide it from his victims, enabled by a scheme in which cooperating defendants are bribed for testimony and services by keeping their convictions hidden, letting them commit fraud and evade restitution. It alleges that Bayrock and Sater were aided in crime by prominent law firms and that this happened under the direction of not just Sater but Julius Schwarz, Esq. and others and as a result, not only banks but a thousand or more of Sater's crime victims were defrauded. And it asserts vicarious liability against all, including Mr. Saurack for his frauds that furthered the scheme.

Yet defendants' understandable fear of the truth which indicts them is no basis to violate First Amendment rights. No decretal language in any order extant when the complaint was filed April 23, 2014, forbad public filing. It isn't our problem that any number of third parties independently accessed it and made it public. We filed it lawfully. Anyone accessing it presumably did so lawfully as well.

But something evil has set in in these years, based on a constitutional fallacy that if courts can control their dockets, they can reach outside court and control what anyone else does that might make that inconvenient. If a court seals a document to prevent access through the court, it feels it can enjoin anyone anywhere from using it no matter how she got it, or the court couldn't keep it secret. This is repellent to American law, which is the opposite: The court is servant, not master, with no interest in hiding what's already public. But this is what's gone on in the zeal to cover up the money Sater stole, the concealment of his illegal sentence, and the judicial and prosecutorial misconduct that did it.

Now this lawlessness would spread here. Again, defendants write a letter, this time asking the court "order" us to remove documents from the Internet Archive. No motion, affidavit, or memorandum. Just write a letter and ask for an order. Why not? Every time in the past they or Sater wrote letters courts acted, though it violates procedural law to ask for Article III relief by letter except for a few matters. If the court thinks this disrespectful, consider: For over a year there's been no evidentiary hearing or submission, nothing found to have been improperly acquired, nothing found to have been privileged…basically, nothing found.  Yet judicial documents are unlawfully sealed in their entirety without public process and findings when nothing in them justifies it, as the public now sees for itself. And there's the magistrate's prior restraint injunction issued without findings in repudiation of all law.

Nothing is privileged until Saurack proves it is, or sealed until he proves a need for it, or enjoined until he proves a right to it, to a judge not a magistrate, after proper pleading in plenary action or counterclaim, subjecting his client to discovery he knows may end in indictment. He's had six years to sue Kriss to try to enjoin him. He can't pull the trigger. Until he does his words must mean nothing.

Even Judge Cogan agreed in his order of May 13, 2011, on 98-CR-1101, when he ruled that no sealing order or related injunction could reach documents or information available to the public. All that's required is to point to a public source. We did point to one, in high definition. Ex. 1.

/s/ Frederick M. Oberlander
/s/ Richard E. Lerner