Aug 15, 2014 02:46 PM To: 12128056724 Page 1/3 From: Richard E. Lerner, Attorney at Law
Case 1:13-cv-03905-LGS Document 96 Filed 08/20/14 Page 1 of 3
Case 1:13-cv-03905-LGS-FM Document 93 Filed 08/15/14 Page 1 of 3

**MEMO ENDORSED**

# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/14
```

Richard E. Lerner, Esq.
501 Fifth Avenue, Suite 300
New York, New York 10017
(917) 584-4864
Fax: (347) 824-2006
richardlerner@msn.com

**APPLICATION GRANTED** ←
**SO ORDERED**

_/s/ Frank Maas_
Frank Maas, USMJ 8/19/14

Via ECF and Fax (212) 805-6724
August 14, 2014

Hon. Frank Maas, U.S.M.J.
Southern District of New York

re: 13-CV-3905 *Kriss v. Bayrock*

← *The time for service of the Summons and Complaint is extended sine die*

**LETTER MOTION FOR ENLARGEMENT OF TIME TO SERVE, FRCP 4, 6**
**REQUEST FOR TELEPHONIC CONFERENCE**

Dear Judge Maas:

I am co-counsel with Frederick M. Oberlander, counsel for plaintiffs and putative class-action plaintiffs herein. Mr. Oberlander is on vacation and unavailable until next week, so I have filed an appearance and now respond to attorney Robert Wolf's August 13, 2014 letter.

**On April 23, 2014**, the plaintiffs and putative class-action plaintiffs filed an *initial* class-action complaint, ECF 51, though not the complaint intended because of duress due to witness tampering, as they explained to Judge Schofield. In response Judge Schofield ordered that plaintiffs and class-action plaintiffs may file a substitute complaint by May 21, 2014 due to that alleged criminal misconduct. ECF 62.

**On May 21, 2014**, the plaintiffs and putative class-action plaintiffs stamped in a *substitute* class-action complaint with the clerk's office; however, it could not be deposited with the clerk, because they had informed the clerk's office that it should be filed under temporary seal. The clerk's office refuses to accept a deposit under seal without a signed, docketed order sealing it. The appropriateness of a temporary seal pending an immediate, publicly docketed First Amendment hearing on the extent of the sealing that would be required seemed obvious because the substitute class-action complaint reproduced a great deal of the complaint under seal in 10-CV-3959 ("*Kriss I*").

**On May 22, 2014** (ECF 67), the plaintiffs asked Judge Schofield for such an order directing the temporary sealing of the *substitute* class-action complaint and to set a hearing and briefing schedule to resolve the issue. In addition, the plaintiffs requested confirmation that the 120-day period to serve, FRCP 4, would run from May 21, 2014, again because of the witness tampering issue.

**On May 22, 2014** (ECF 68), Judge Schofield referred that request and all other general pre-trial non-dispositive issues to Your Honor.

1

Aug 15, 2014 02:46 PM To: 12128056724 Page 2/3 From: Richard E. Lerner, Attorney at Law
Case 1:13-cv-03905-LGS Document 96 Filed 08/20/14 Page 2 of 3
Case 1:13-cv-03905-LGS-FM Document 93 Filed 08/15/14 Page 2 of 3

**On May 29, 2014** (ECF 69), in response to Bayrock's claim that two paragraphs of the *initial* class-action complaint herein were based on privileged information, Your Honor sealed it in its entirety. No hearing was docketed or held. In addition, Your Honor directed that the plaintiffs not "disseminate" the "disputed" information in the complaint under seal in 10-CV-3959. However, Your Honor did not address the issue of the substitute class-action complaint, although the court's memorandum said it would.

**On June 12, 2014**, the plaintiffs appealed from those directives, arguing that Your Honor had erred in sealing the *initial* complaint without First Amendment due process and had improperly attempted to enjoin extra-judicial dissemination of material that had been obtained entirely outside of court process. The plaintiffs attached a copy of the *initial* complaint, less the paragraphs objected to, because, without plaintiffs' knowledge or involvement, that complaint had become public, available for months on RECAP THE LAW, a PACER mirror site. Plaintiffs requested and received expedited scheduling but no argument has been scheduled and the appeal remains *sub judice*.

* * *

In short, the plaintiffs and the putative class-action plaintiffs have no ability to complete the filing of the substitute class-action complaint under seal by deposit with the clerk because there is no order specifically allowing it to be filed under seal, and without completing the filing they cannot get a summons to serve it.

Even with a summons it would appear that service would violate the directive not to disseminate any disputed information (as would service of the initial *complaint*).

Consequently plaintiffs have no alternative but to request enlargement of time to serve a summons and complaint in this 13-cv-3905, or they will be forced into publicly filing the substitute class-action complaint and then into serving it to protect their clients' interests and those of the putative class-action plaintiffs. Moreover, if measured from the date of the filing of the original class-action complaint on April 23rd (rather than the date that the substitute class-action complaint was stamped in on May 21st), the plaintiffs' time to effectuate service would expire on August 21st.

**Therefore, we respectfully request that this Court issue an order: Enlarging, *sine die* until further order of the court or in the alternative no less than 60 days, the time to serve a summons and complaint in this matter, 13-CV-3905, as otherwise set forth in FRCP 4.**

* * *

We also note that Bayrock has not been served in this action and has no standing to request any relief or oppose anything. This and the related argument that not only their service but their counter-claim or plenary claim against plaintiffs for injunctive relief is required before any court can even have equity jurisdiction to bar extra-judicial dissemination is, we again note, *sub judice* on appeal.

* * *

Defendant Sater requests an order directing that he (presumably only he) be served with the *substitute* complaint, because – as Mr. Wolf states – he wishes to file a motion to dismiss.

This puts the cart before the horse. Before Mr. Sater may move to dismiss, there must be determination, upon plaintiffs' motion, of class certification, which in turn cannot happen

2

Aug 15, 2014 02:46 PM To: 12128056724 Page 3/3 From: Richard E. Lerner, Attorney at Law

Case 1:13-cv-03905-LGS Document 96 Filed 08/20/14 Page 3 of 3
Case 1:13-cv-03905-LGS-FM Document 93 Filed 08/15/14 Page 3 of 3

without class notification and service on all the other defendants. And of course Mr. Sater can't be served without a prior filing, which can't be completed under seal without an order. Finally, we have no intention of piecemeal litigation and there is no precedent, nor does Mr. Sater cite any, allowing him to request private litigation whereby only he gets served and no one else. Especially insofar as Bayrock has already objected to his receiving the complaint here, there may be no service on him without service on *everyone*.

Moreover, pursuant to *Lugosch III v. Pyramid*, 435 F. 3d 110 (2d Cir. 2006), no motion to dismiss can be litigated under seal because of First Amendment access rights. Moreover, Mr. Sater has admitted that there is nothing in the 13-cv-3959 complaint (thus nothing in the substitute complaint here) that needs to remain under seal. (See 10-cv-3959, Order of the Honorable Lorna G. Schofield, ECF 34: "WHEREAS, in a letter dated April 18, 2013, the Court was informed that Defendant Satter has no objection to the filing of Plaintiff's First Amended Verified Complaint").

So, while it is inevitable that the *substitute* complaint will be made public, especially as civil complaints enjoy First Amendment presumptive rights of access, we see no alternative to a *pro tempore* order of enlargement which will maintain the *status quo* of this action so issues attendant to Bayrock's motion for redactions, etc. as to the *Kriss 1* complaint may be resolved.

**Accordingly, we request that an order of enlargement be issued as requested and we request a brief telephonic conference on the issue for such time as the court may find convenient on Monday, August 18, 2012, unless the court has first decided to grant the enlargement and thus obviated the need for conference.**

Respectfully submitted,

THE LAW OFFICE OF RICHARD E. LERNER, P.C.

Richard E. Lerner

cc: Via ECF

And via email to:

Robert Wolf
Walter Saurack
Nader Mobargha
Frederick M. Oberlander