

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com


Robert S. Wolf
Direct: 212.554.7825  Fax: 917.206.4325
rwolf@mosessinger.com


December 2, 2014

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

          Re:   <u>*Kriss et al. v. Bayrock Group LLC et al.*, 13 Civ. 03905 (LGS) (FM)</u>

Dear Judge Schofield:

      This firm is co-counsel to Felix Sater, defendant in the above-captioned proceeding. We submit this letter to the Court to request an immediate conference before Your Honor, for relief from the stagnant posture of this case which, to our client's tremendous prejudice, has not resulted in a single court appearance in almost eighteen (18) months. As set forth herein, this Court's inaction has effectively shut the courthouse door to Mr. Sater and prohibited him from taking any action to clear his name, seek dismissal of this case, or seek redress against those who have frivolously sued him.

      This case was commenced by a "Summons with Notice" filed in New York State Supreme Court on May 10, 2013, seeking "perhaps a billion dollars" against more than 40 defendants, including Morgan Lewis & Bockius, Nixon Peabody, Satterlee Stephens, and Donald and Ivanka Trump. The "Summons with Notice" alleges (among many other things) "litigation fraud . . . mail fraud, . . . money laundering, human trafficking, child prostitution [and] statutory rape." The case was removed to this Court on June 7, 2013. This court eventually directed that Plaintiffs file a complaint by April 23, 2014 (ECF No. 49). On that date, Plaintiffs instead filed a rambling diatribe entitled "Class Action Complaint" (ECF No. 51), which, among other things, did not identify any causes of action. This Court then directed Plaintiffs to file an Amended Complaint by May 21, 2014, or else stand on its "Class Action Complaint". On May 21, 2014, Plaintiffs filed an Amended Complaint under seal which "replicate[d] extensive portions, several hundred paragraphs, of the First Amended Complaint [under seal] in Kriss v. Bayrock Group, LLC et al, 10 cv 3959 (LGS)" ("*Kriss I*") (ECF No.67). Despite repeated requests to this Court and Magistrate Judge Maas, now over six months later and a year and a half after commencement of this suit, our client has neither been served with an amended complaint nor has he been permitted to obtain a copy from the Clerk's Office.

      On May 29, 2014, Magistrate Judge Maas ruled against Plaintiff in *Kriss I*, putting that

amended complaint in jeopardy of dismissal. Plaintiff described that order as "illegal and invalid", and sought relief by appealing to this Court. Since July 9, 2014, Plaintiffs' motion for relief from Magistrate Judge Maas' order has been fully briefed and pending decision from this Court. As this Court has still yet to render a decision on the motion in *Kriss I*, it has unfairly stopped this case ("*Kriss II*") dead in its tracks. It remains unexplained by this Court or Magistrate Judge Maas, despite our repeated requests of June 11, 2014 (ECF No. 76), June 25, 2014 (ECF No. 83), and August 13, 2014 (ECF 90), why our client, a party defendant, is not entitled to see the contents of a pleading filed against him, despite the fact that it has not been served. This Court's inaction has resulted in a gross deprivation of Mr. Sater's due process rights and played directly into the hands of Plaintiffs, who would rather continue to "game" and "pervert" the process with their continued misconduct, repeatedly condemned by the Second Circuit and several Southern and Eastern District Judges, than move forward with litigation.

Plaintiffs, rather than scale back their extortionist crusade in light of that widespread condemnation, have instead taken their misconduct to dangerous levels, beyond using this and other courts as their pawns. As the Court is aware, for more than 10 years following his 1998 guilty plea before Judge Glasser of the Eastern District of New York, Mr. Sater provided high-level information to the government regarding, among other things, matters of national security. Judge Glasser sealed the 1998 case, as the details of Sater's cooperation would have exposed him to grave danger if made public. The following chronology of egregious acts by Plaintiffs' counsel demonstrate alarming levels of desperation and danger. It is provided as an eye-opener to this Court, with the hope that it will trigger a prompt determination of all pending issues such that Mr. Sater can seek and obtain dismissal of the May 21, 2014 amended complaint.

- **February, 2010**: Plaintiffs' counsel, Frederick Oberlander, accesses a stolen Bayrock hard drive containing sealed documents and threatens to release sensitive information, including Mr. Sater's cooperation with the government. Judge Gasser refers to this incident as "despicable," and notes that it "disturbed [him] to no end."
- **May 10, 2010**: Oberlander files *Kriss I*, annexing to the complaint numerous sealed documents from the stolen hard drive, fully aware that the documents were sealed and could endanger our client.
- **June 11, 2010 / July 20, 2010**: Judge Glasser describes Oberlander's actions as "despicable" and later finds that Oberlander "knowingly and intentionally flouted a court order" (March 23, 2011 Order of J. Glasser) by disseminating information that "may seriously jeopardize not only the life of the person ... it might also significantly affect matters of national interest."
- **July 27, 2012**: A reputed Colombo organized crime family associate assaults Mr. Sater's co-defendant Salvatore Lauria, also a government cooperator, and threatens to kill Mr. Sater. Plaintiffs' counsel, Oberlander and Richard Lerner, had previously contacted the criminal defense lawyer who represented that Colombo associate in the case in which Mr. Lauria and Mr. Sater cooperated, providing him sealed documents including Mr. Sater's cooperation agreement. Lerner admitted in writing to the Second Circuit that he and Oberlander had in fact done so. This shocking conduct was designed to subject Mr.

1047416

Sater to mafia-related acts of violence which could have had him killed.
- **July 16, 2010:** Oberlander expresses his intent to continue to defy court orders, threatening: "there is nothing the court can do...I will not be gagged." He accuses the Court of "surreptitiously dispensing whatever justice, or lack thereof, the court sees fit."
- **November 9, 2010:** Oberlander, in violation of court orders, continues his extortionist campaign against our client, writing in a letter to defense counsel: "everything will go public with clockwork inevitability ... no power on this earth will much longer prevent ... dissemination of this Complaint and every document attached thereto."
- **April 1, 2011:** Eastern District Judge Brian Cogan, appointed by the Second Circuit, learns that Plaintiffs' counsel possess sealed information that they were previously ordered to return, and threatens to hold them in contempt if they do not destroy all copies.
- **February 6, 2012:** *The New York Times* publishes a story on Plaintiffs' counsel, with quotes and a photo of Oberlander and Lerner, releasing the true name and identity of Oberlander, in direct contravention of the Second Circuit's February 14, 2011 Order.
- **July 1, 2012:** *The Miami Herald* publishes an article disclosing Mr. Sater's identity and discussing the contents of the documents that the Second Circuit ordered remain under seal. The article quotes Paul Cassel, a member of Plaintiffs' legal team.

This Court can no longer indulge Plaintiffs' counsel, who are also the subject of civil contempt proceedings and a separate criminal investigation for contempt. The pendency of these frivolous incendiary claims against Mr. Sater continues to cause him to suffer substantial harm, financial and otherwise. We respectfully request the Court's immediate intervention.

Thank you for your attention to this matter.

Respectfully,

Robert S. Wolf

1047416