# SIMON & PARTNERS LLP

THE FRENCH BUILDING
551 FIFTH AVENUE
NEW YORK, NEW YORK 10176
www.simonlawyers.com

(212) 332-8900

FAX: (212) 332-8909

BRADLEY D. SIMON
BRIAN D. WALLER
KENNETH C. MURPHY

NEW YORK
WASHINGTON, D.C.
PARIS

J. EVAN SHAPIRO

COUNSEL
PAMELA B. STUART
NEAL M. SHER
GENEVIEVE SROUSSI
STEPHENIE L. BROWN
HARRIET TAMEN

October 16, 2015

**By ECF**
The Hon. Lorna G. Schofield, U.S.D.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *Kriss et al. v. Bayrock Group et al.* ("Kriss I")
> 10 Civ. 3959 (LGS) (FM); *Kriss et al. v.*
> <u>*Bayrock Group et al.* ("Kriss II"),13 Civ. 3905 (LGS) (FM)</u>

Dear Judge Schofield:

    I write on behalf of our clients, Jody Kriss and Michael Chu'di Ejekam, Plaintiffs in the above-referenced matter, Kriss I, and non-parties in the above-referenced matter, Kriss II. Yesterday, October 15, 2015, I first learned that on October 9, 2015, Robert S. Wolf, counsel for Felix Satter (aka Felix Sater), a defendant in both Kriss I and Kriss II, filed a motion that asks the Court to (1) vacate the voluntary dismissals of Kriss II filed by Messrs. Kriss and Ejekam, and (2) dismiss their claims for failure to prosecute "or through the use of any other method that the Court deems appropriate" (the "Motion"). (*See* Kriss II, ECF Nos. 129, 130 (at 10)). There has been no pre-motion conference in Kriss II, according to the ECF Docket, granting Sater leave to make such a motion. The Motion states that "all parties" were served "via ECF."

    Mr. Wolf's filing of the Motion without seeking a pre-motion conference is violates this Court's Individual Practices in Civil Cases. The Motion seeks a dismissal of the claims of Messrs. Kriss and Ejekam in Kriss II with prejudice. The Court's Individual Practices generally require a pre-motion conference to be requested by a letter motion at least 10 business days before the proposed conference date. (III. Motion Rules and Procedures A. 1.). The Motion does not fall within the list of motions not requiring a pre-motion conference set forth in Section

SIMON & PARTNERS LLP

The Hon. Lorna G. Schofield, U.S.D.J.
September 14, 2015
Page 2

III of the Court's Individual Practices in a Civil Case.[1]

    Moreover, Wolf failed to serve Messrs. Kriss and Ejekam with the Motion, or even informally advise counsel of it, apparently with the aim of precluding any opposition by our clients. On June 23, 2015, Your Honor granted the application of Messrs. Kriss and Ejekam to voluntarily dismiss Kriss II, and directed the Clerk of Court to terminate them as parties in the action. (*See* Kriss II, ECF No. 124). The ECF docket entry for Your Honor's order terminating our clients from the case states that "The Clerk of Court is directed to terminate Plaintiffs Jody Kriss and Michael Ejekam from this action. (Signed by Judge Lorna G. Schofield on 6/23/2015)." The ECF Docket for Kriss II shows that Messrs. Kriss and Ejekam were terminated on June 23, 2015.

    For reasons that remain unclear to the undersigned, Frederick M. Oberlander and Richard Lerner, former counsel to Messrs. Kriss and Ejekam, sought to "bifurcate" our clients injuries and claims in a series of federal and state lawsuits, including Kriss I and Kriss II. The contents of the pleadings filed by Oberlander and Lerner in Kriss II overlap considerably with the underlying events, injuries and claims alleged in both the First Amended Complaint, and the Proposed Second Amended Complaint, filed in Kriss I. In an effort to right the ship, in a conference before Chief Magistrate Judge Frank Maas in April 2015, I agreed to dismiss Messrs. Kriss and Ejekam from Kriss II, thereby concentrating all of their claims relating to the Defendants that have been named in the numerous cases filed by Oberlander and Lerner in one case, Kriss I. By seeking to vacate the voluntary dismissals of Messrs. Kriss and Ejekam – which were made intentionally *without prejudice* given the overlapping content of the Kriss I and Kriss II cases – and having Kriss II dismissed with prejudice, the Motion seeks to foreclose any future litigation on issues or claims relating to the overlapping material. If granted, the Motion would enable Sater to attempt to assert collateral estoppel in Kriss I as to factual and legal issues, and to assert *res judicata* in the future state action that Messrs. Kriss and Ejekam may be required to bring in the event that the Court dismisses Kriss I for lack of federal subject matter jurisdiction.

---

[1] The Motion does not constitute a "motion to dismiss in lieu of an answer," one of the motions as to which the Individual Practices permit filing without a pre-motion conference. Sater has never been served with a complaint in Kriss II. (*See* Letter of Robert S. Wolf to U.S. District Judge Lorna G. Schofield dated May 2, 2014 (Kriss II, ECF No. 57); Letter of Robert S. Wolf to Chief Magistrate Judge Frank Maas dated June 11, 2014 (Kriss II, ECF No. 76)). In any event, there is no claim that Sater is subject to any time requirement with respect to filing the Motion, since all the claims in Kriss II have now been voluntarily dismissed. Thus Mr. Wolf would have had ample time to request the Court's leave to make the Motion at a pre-motion conference.

SIMON & PARTNERS LLP

The Hon. Lorna G. Schofield, U.S.D.J.
September 14, 2015
Page 3

    Without waiving their right to file a proper opposition to the Motion, Messrs. Kriss and Ejekam oppose the Motion vigorously. The Motion represents nothing more than a rehash of previous attempts by Wolf and Sater to curtail or defeat the rights of Kriss and Ejekam to pursue their legitimate claims against Sater appealing to the equity powers of the Court, and pointing to the past misconduct of Oberlander and Lerner.

    Based on the foregoing, Messrs. Kriss and Ejekam request that the Court reject the Motion and, accordingly, schedule a pre-motion conference in Kriss II. In the event that the Court is inclined to grant Sater leave to make the Motion, Messrs. Kriss and Ejekam hereby request the opportunity to present oral argument in connection with their opposition to it.

Sincerely,

Bradley D. Simon
Simon & Partners LLP

*Attorneys for Jody Kriss and
Michael Chu'di Ejekam*