**MOSES & SINGER LLP**

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Robert S. Wolf
Direct: 212.554.7825; Fax: 917.301.7784
rwolf@mosessinger.com

October 21, 2015

<u>**VIA ECF**</u>

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: <u>*Kriss et al. v. Bayrock Group, LLC, et al.*</u>**, Index No. 13 Civ. 3905 (LGS) (FM)**

Dear Judge Schofield:

  We along with Beys Liston Mobargha & Berland LLP represent Defendant Felix Sater in the above-captioned litigation. We submit this letter in response to Plaintiffs' letter, dated October 16, 2015 (ECF No. 131), requesting that the Court strike Defendant's Motion to Vacate Plaintiffs' Notices of Voluntary Dismissal and Dismiss the Case With Prejudice (ECF No. 129, the "Motion"). Plaintiffs' counsel erroneously claims that he was not properly served and that Defendant's filing violated the Court's Individual Rules of Practice (the "Court's Rules").

  First, the Motion was properly served via ECF. It is Plaintiffs' counsel, Bradley Simon, who has violated the Court's Rules by not filing a Notice of Appearance in this case and failing to properly register with ECF. Rule I(C)(1) of the Court's Rules states that "[a]ll attorneys representing parties before Judge Schofield are required to register promptly as filing users on ECF." Mr. Simon continues to file papers on ECF on behalf of Plaintiffs in violation of the Court's Rules. Nevertheless, counsel of record for Plaintiffs, who were never relieved by the Court (and who represent plaintiff Jody Kriss in a related State Court action), were notified of the Motion via ECF, as Mr. Simon would have been had he not failed to file an Appearance and register on ECF.

MOSES & SINGER LLP

Hon. Lorna G. Schofield
October 21, 2015
Page 2

Second, the Motion was filed after the case was formally "Closed" as a result Plaintiffs' filing Notices of Voluntary Dismissal. *See* ECF No. 127. As such, the Court's Rules do not require a letter-motion seeking a pre-motion conference. In fact, both the Court's Rules and a prior Order in this case demonstrate the opposite. A motion made after a case has been closed, such as a motion for amendment of judgments, does not require a pre-motion conference. *See* Rule III.A.3. Defendant's Motion seeks to vacate the dismissal "without prejudice" and make it one "with prejudice". Described as such, this Motion, made after the case was closed, was properly filed.

Additionally, as Plaintiffs acknowledge in their letter, the relief sought by Defendant is based largely upon Plaintiffs' failure to prosecute. While the case was still pending, the Court ruled that motions such as Defendant's Motion could be made without a pre-motion conference or the exchange of letters pursuant to Court's Rule II.A.3. *See* ECF No. 49. Incredibly, due to Plaintiffs' deliberate and egregious conduct, a complaint was filed but never served on Defendant.

Once again, rather than address the merits, Plaintiffs and their counsel continue to engage in dilatory tactics in an attempt to misdirect the Court and skirt dismissal with prejudice, as sought by Defendant's Motion.

Accordingly, Plaintiffs' request should be denied.

Thank you for your consideration.

                Respectfully,

                _____/S/_____
                Robert S. Wolf

cc: All parties listed on ECF;
   Bradley D. Simon (bradsimon@simonlawyers.com).