## LAW OFFICE OF FREDERICK M. OBERLANDER P.C.

**FREDERICK M. OBERLANDER**
ATTORNEY-AT-LAW

Fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

August 19, 2013

The Hon. Lorna G. Schofield, USDJ
40 Foley Square
New York, NY 10007-1312
Schofield_NYSDChambers@nysd.uscourts.gov

***Kriss v. Bayrock Group LLC*, 13 Civ. 3905**

**REQUEST FOR ENLARGEMENT
MOTION TO VACATE**

Dear Judge Schofield:

Plaintiffs ask a 14-day enlargement of time until November 9, 2015 to respond to non-party Felix Sater's motion, ECF 129, to vacate the voluntary dismissal of July 10, 2015 as of right without court order made by filing notice with the judgment clerk per FRCP 41(a)(1)(A)(i).

Counsel has been seriously ill, hospitalized twice in the last six weeks, and is on reduced work contemplating disability status. Other counsels were asked for consent but haven't responded. Certainly as this is a dead case there can be no prejudice. But notwithstanding counsel's partial incapacity, for the sake of dignity of everyone counsel asks your honor take notice of this:

(1) Now clear by his filing yesterday, ECF 132, Sater asks the court to order the case reopened then dismissed with prejudice per FRCP 41 for "failure to prosecute," for plaintiffs' "egregious" "failure to serve the complaint."

(2) But, in August 5, 2014, Sater applied to Magistrate Judge Maas, ECF 90, 94, for an order compelling plaintiffs to give them access to the complaint.

(3) Instead, at plaintiffs' request, on August 19, 2014, Judge Maas ordered, ECF 96, a *sine die* enlargement of plaintiffs' time to serve the complaint. It was never withdrawn, modified, vacated, or anything else, nor did Sater ever ask your honor to review that magistrate's order per FRCP 72.

We ask your honor to respond *sua sponte* in your discretion after deciding which is more outrageous, (1) that Sater would ask you to dismiss with prejudice, per FRCP 41(b) – a drastic sanction equivalent to a quasi-criminal penalty – for failing to serve what plaintiffs were expressly given leave not to serve; (2) that he would try to use FRCP 60(b) to circumvent long-waived review deadlines of FRCP 72; or that his papers utterly fail to mention the above.

Respectfully submitted,

/s/ Frederick M. Oberlander